COMMONWEALTH vs. ALAN A. BECKER.

No. 06-P-1425.

Berkshire. September 12, 2007. - January 25, 2008.

Present: CYPHER, KANTROWITZ, & COHEN, JJ.

*Sex Offender. Sex Offender Registration and Community Notification Act. Practice, Criminal,* Instructions to jury. *Constitutional Law,* Sex offender, Right to travel, Cruel and unusual punishment.

A District Court judge properly denied a criminal defendant's motion for a required finding of not guilty on the charge of failing to register as a sex offender in violation of G. L. c. 6, § 178H, where a rational trier of fact could conclude beyond a reasonable doubt that the crime of which the defendant was convicted in New York — sexual abuse in the third degree — constituted a "like violation," for purposes of the sex offender registration statute, to Massachusetts's prohibition on indecent assault and battery on a person over fourteen [85-87]; that the defendant was a resident of Massachusetts as required by the statute, even if only a temporary or part-time resident [88]; and that the defendant "knowingly" failed to register with the Sex Offender Registry Board [88-89]. COHEN, J., concurring.

In a criminal case charging the defendant with failing to register as a sex offender in violation of G. L. c. 6, § 178H, based on his having committed a misdemeanor sexual offense in New York, the judge did not err in forgoing a jury instruction that the New York offense carried a significantly shorter maximum imprisonment term than the Massachusetts felony of indecent assault and battery, which the jury could reasonably deem sufficiently similar to the New York offense for purposes of the crime charged [89-92]; likewise, the judge's instruction on "residence" was adequate [92-93].

Although a criminal defendant did not support with adequate appellate argument his claim that the sex offender registration statute was unconstitutional as applied, this court nevertheless observed that the statute neither violated the defendant's right to travel nor constituted cruel and unusual punishment. [93-94]

COMPLAINT received and sworn to in the Southern Berkshire Division of the District Court Department on February 4, 2005.

The case was tried before *Fredric D. Rutberg*, J.

*Janet H. Pumphrey* for the defendant.

*Marianne Shelvey*, Assistant District Attorney, for the Commonwealth.

*William C. Newman & Larni Levy*, for American Civil Liberties Union of Massachusetts & another, amici curiae, submitted a brief.

*Andrew S. Crouch*, for John Doe, Sex Offender Registry Board No. 7468 & others, amici curiae, submitted a brief.

CYPHER, J. The defendant, Alan Becker, appeals from his conviction by a District Court jury of failing to register as a sex offender. See G. L. c. 6, § 178H, as amended by St. 1999, c. 74, § 2. The underlying offense was a 1995 conviction in New York for sexual abuse in the third degree. The defendant argues that as he does not come within the definition of "sex offender" in the sex offender registration statute,[1] he is not required to register, and more specifically, that (1) the trial judge erred in denying the defendant's motion for a required finding of not guilty because (a) his conviction in New York was a misdemeanor and is not "like" the Massachusetts felony of indecent assault and battery, (b) he did not reside in Massachusetts because he was only temporarily recuperating at a friend's house, and (c) the Commonwealth failed to prove that the defendant's failure to register was "knowing"; (2) the trial judge improperly instructed the jury regarding the New York conviction and the definition of "residence"; and (3) the sex offender registration statute is unconstitutional as applied because it violated his right to travel freely and his right to be free from cruel and unusual punishment. We affirm.[2]

---

[1]The sex offender registration statute, G. L. c. 6, §§ 178C-178P, provides for the registration of sex offenders with the sex offender registry board ("SORB" or "board"). Section 178C defines "sex offender," as pertinent here, as "a person who resides . . . in the commonwealth and who has been convicted of a sex offense." "Sex offense" is defined as any of the Massachusetts criminal statutes listed in § 178C, as well as "a like violation of the laws of another state . . . ." All sex offenders must participate in the board's initial, prehearing registration process. See *Roe* v. *Attorney Gen.*, 434 Mass. 418, 424 (2001). After their initial registration, sex offenders then have an opportunity to seek a hearing and to argue that they should be relieved of the obligation to register, e.g., because they do not pose a danger to the public. *Id.* at 425, 428. Here, the defendant's primary contention is not that the board, in its discretion, should relieve him of the obligation to register, but rather that he is not a "sex offender" as defined by the statute, and thus cannot be required to participate in even the initial registration procedure, as only "sex offenders" are required to register under the statute.

[2]We acknowledge receipt of the amicus brief from the American Civil

*Background.* The Massachusetts Sex Offender Registry Board ("SORB" or "board") determined that the defendant was required to comply with its prehearing registration procedure as a sex offender in Massachusetts based on his conviction in New York for sexual abuse in the third degree. The parties stipulated that the act the defendant was convicted of in New York was "the touching of a woman's buttocks without her permission or consent and that she was over the age of fourteen at the time, in fact she was nineteen."

On August 26, 2003, SORB mailed a letter and registration form addressed to the defendant at 4 Manville Street, Great Barrington, informing him that he was required to register as a sex offender in Massachusetts; that failure to complete the enclosed form and return it to the board within ten days would "result in prosecution"; and that if he had any questions, he could call the board at the toll-free number specified, or look at the board's Web site, at the Web address provided. At this pre-hearing, "preclassification" stage, registration consists of providing name, address, place of employment, and date of birth. See G. L. c. 6, § 178E(*g*). The defendant claimed that he did not receive the letter; he did not return the form or respond to the letter.

The defendant was not placed in violation until January, 2005, due to an administrative error. The complaint for failing to register issued on February 4, 2005.

On January 3, 2005, State police Troopers George Hamilton and James Somerville went to Alum Hill Road in Sheffield to arrest the defendant for failing to register as a sex offender. The defendant told Hamilton that he had broken his back in an automobile accident. As it was apparent to Hamilton that the defendant was injured, he did not arrest him. Hamilton explained why he was there and advised the defendant that he had to register as a sex offender. Hamilton suggested to the defendant that he contact the police department and ask them to bring

Liberties Union of Massachusetts and the Committee for Public Counsel Services, as well as receipt of the amicus brief from John Doe, Sex Offender Registry Board No. 7468; John Doe, Sex Offender Registry Board No. 21788; John Doe, Sex Offender Registry Board No. 122905; and John Doe, Sex Offender Registry Board No. 151564.

the registration forms to his residence. The defendant told Hamilton that he did not feel it was right that he was being classified as a sex offender and that he did not feel as though he should have to register, but that he would register.

On January 28, 2005, Troopers Shaun Cole and Steven Lord went to 471 Alum Hill Road to serve a warrant on a third person. The defendant was there, and Trooper Cole told him that he needed to register as a sex offender. The defendant told the trooper that he did not think he should have to register and that he was not going to register. Trooper Lord also told the defendant that he had to register. The defendant said that he refused to be treated as a sex offender. Trooper Lord told him that if he did not register, he would be arrested.

On February 4, 2005, Troopers Cole and Lord returned to Alum Hill Road and arrested the defendant for failing to register as a sex offender.

The defendant testified that in the year 2004, he spent most of his time in Florida and that he traveled to Massachusetts on business approximately ten or twelve times each year, spending more time in the Berkshires during the summer months. He has driver's licenses in both Massachusetts and New York, and an expired Florida driver's license. He has three cars registered in Massachusetts.

In December, 2004, the defendant broke his back in an automobile accident. He recuperated at his friend's home at 471 Alum Hill Road, Sheffield, where there were a minimal number of stairs.

The defendant visited the SORB Web site on the Internet and concluded that he would not be required to register as a sex offender because he felt he did not meet the requirement of attending an institution of higher learning in Massachusetts, having a job in Massachusetts, or being a resident of Massachusetts. He also testified that the Web site "had a section that said if a conviction is more than ten years old that there's an opt-out, if [it] was originally a non-violent offense." The record indicates that the date of his New York conviction was May 8, 1995, and the actual date of the incident was August 16, 1994.

The defendant testified that he had been registering his vehicles

in Massachusetts since his college days in the early 1980's and that the registry of motor vehicles listed his address as 4 Manville Street, Great Barrington, which is his mother's address. When he was arrested, he told the police that his address was 4 Manville Street, Great Barrington. The defendant admitted that he was told three times that he needed to register as a sex offender and that the paperwork was available to him.

The defendant conducted Internet research of the legal definitions of the crimes listed on the SORB Web site. Friends and relatives, who were attorneys, visited the Web site and told him that unlike the crimes listed on the Web site, the crime he was convicted of was not a felony. The defendant did not call or write SORB to tell them that he did not believe he had to register as a sex offender.

1. *The motion for required finding of not guilty.* In assessing whether a motion for a required finding of not guilty has been properly denied, we consider "whether the evidence, in its light most favorable to the Commonwealth, notwithstanding the contrary evidence presented by the defendant, is sufficient . . . to permit the jury to infer the existence of the essential elements of the crime charged." *Commonwealth* v. *Latimore*, 378 Mass. 671, 676-677 (1979), quoting from *Commonwealth* v. *Sandler*, 368 Mass. 729, 740 (1975). "Additionally, the evidence and the inferences permitted to be drawn therefrom must be 'of sufficient force to bring minds of ordinary intelligence and sagacity to the persuasion of [guilt] beyond a reasonable doubt.' " *Commonwealth* v. *Latimore*, *supra* at 677, quoting from *Commonwealth* v. *Cooper*, 264 Mass. 368, 373 (1928).

a. *"Like violation."* The jury could have rationally concluded that the defendant's conviction in New York for sexual abuse in the third degree constituted a sex offense under G. L. c. 6, § 178C.[3] Section 178C lists Massachusetts offenses that constitute a "sex offense" for purposes of the statute and speci-

---

[3]The registration process under G. L. c. 6, §§ 178C-178P, is a civil, administrative procedure, subject to review pursuant to G. L. c. 30A (see G. L. c. 6, § 178M). However, where, as here, a defendant is prosecuted for failing to register as a sex offender, the Commonwealth must prove every element of the crime beyond a reasonable doubt. Compare Annot., Constitutionality and Construction of Statute Enhancing Penalty for Second or Subsequent Offense,

fies that an offender must register for "a like violation of the laws of another state, the United States or a military, territorial or Indian tribal authority."

At trial, the defendant stipulated that he had been convicted in New York of sexual abuse in the third degree for touching a nineteen year old woman's buttocks without her permission or consent. Sexual abuse in the third degree is defined by New York statutes as a "class B misdemeanor," punishable by not more than three months' incarceration, a fine not exceeding $500, or both. N.Y. Penal Law §§ 70.15, 80.05 (McKinney 2004). The record indicates that the defendant was sentenced to "conditional discharge" of one year, a "final order of protection" of one year, and a fine of $250.

The defendant argues that there is no "like offense" in Massachusetts because there is no such low-level misdemeanor for a sex offense. In denying the defendant's motion for a required finding of not guilty, the judge determined that a rational trier of fact could conclude beyond a reasonable doubt that the New York statute was sufficiently like Massachusetts's prohibition on indecent assault and battery on a person over fourteen.[4] See G. L. c. 265, § 13H, the punishment for which is "imprisonment in the state prison for not more than five years, or . . . imprisonment for not more than two and one-half years in a jail or house of correction."

First, whether a statute treats certain conduct as a misdemeanor or a felony is not necessarily determinative of what constitutes a "like offense" or "like violation." Cf. *Commonwealth* v. *Corbett*, 422 Mass. 391, 395-396 (1996) (rejecting argument that misdemeanor convictions cannot be considered "like offenses" to felony charge).

Second, indecent assault and battery on a person over fourteen

---

139 A.L.R. 673, 689 (1942). The crime of failing to register is defined in G. L. c. 6, § 178H, which provides: "A sex offender required to register pursuant to this chapter who knowingly: (i) fails to register; (ii) fails to verify registration information; (iii) fails to provide notice of a change of address; or (iv) who knowingly provides false information shall be punished in accordance with this section."

[4] No argument has been made that the judge should not have made a preliminary determination that the most similar crime to the New York offense was indecent assault and battery.

may, in fact, be sentenced in certain circumstances in similar fashion to a low-level misdemeanor. See G. L. c. 265, § 13H, *supra* (providing for possible sentence of up to two and one-half years in jail or house of correction).

Finally, where a statute does not define a term, we may interpret it "in accordance with its generally accepted plain meaning." *Commonwealth* v. *Boucher*, 438 Mass. 274, 276 (2002). Whether the term "like offense" or "like violation" is used, "[t]he generally accepted, plain meaning of 'like'. . . means 'the same or nearly the same.' " *Commonwealth* v. *Smith*, 58 Mass. App. Ct. 166, 172 (2003), rev'd on other grounds, 543 U.S. 462 (2005), quoting from Webster's Third New Intl. Dictionary 1310 (1993). Here, the New York crime of sexual abuse in the third degree is sufficiently similar to the Massachusetts crime of indecent assault and battery on a person over fourteen. The New York statute provides: "A person is guilty of sexual abuse in the third degree when he subjects another person to sexual contact without the latter's consent . . . ." N.Y. Penal Law § 130.55 (McKinney 2004). "Sexual contact" is defined as "any touching of the sexual or other intimate parts of a person not married to the actor for the purpose of gratifying sexual desire of either party. It includes the touching of the actor by the victim, as well as the touching of the victim by the actor, whether directly or through clothing." N.Y. Penal Law § 130.00 (McKinney 2004). In Massachusetts, indecent assault and battery has been defined by case law as "the intentional, unjustified touching of private areas such as 'the breasts, abdomen, buttocks, thighs, and pubic area of a female.' " *Commonwealth* v. *Mosby*, 30 Mass. App. Ct. 181, 184-185 (1991), quoting from *Commonwealth* v. *De La Cruz*, 15 Mass. App. Ct. 52, 59 (1982). The essence of the New York crime, the unconsented-to touching of the sexual or other intimate parts of a person for the purpose of gratifying the sexual desire of either party, comports with the essence of the Massachusetts crime. The defendant stipulated that he touched a woman's buttocks without her consent. Such conduct would satisfy the Massachusetts crime of indecent assault and battery, and a rational trier of fact could have concluded beyond a reasonable doubt that the violation of the law in New York could be like the offense of indecent assault and battery.

b. *Residence.* The jury could have rationally concluded that the defendant was a resident of Massachusetts. The defendant characterizes himself as having been a temporary resident while he recuperated from a back injury in 2005. On January 1, 2005, the State police determined that the defendant had a vehicle registered at 4 Manville Street, Great Barrington. On January 3, 2005, the State police went to Alum Hill Road, Sheffield, where the defendant was recuperating from a back injury. The State police again spoke with the defendant at the Alum Hill address on January 28, 2005, and, on February 4, 2005, they arrested him there. The jury could have concluded that, by February, 2005, the defendant had been living in Massachusetts for over one month.

Furthermore, the Commonwealth's case did not deteriorate after the defendant testified. Cf. *Commonwealth* v. *Walker*, 401 Mass. 338, 343-344 (1987). In fact, the defendant's testimony essentially established that he was at least a part-time resident, as he spent the summer months in the Berkshires, and he visited the Commonwealth for business ten to twelve times per year.

The defendant also argues that, under the version of the sex offender registry statute as in effect when he was arrested, before its amendment in July, 2006, he did not meet the definition of a person who "resided" in the Commonwealth. The 2006 amendment, see St. 2006, c. 139, §§ 5, 6, added to the definition of "sex offender" those sex offenders who have "secondary addresses" in the Commonwealth. Prior to the 2006 amendment, the statute, as pertinent here, covered only persons who "reside" in the Commonwealth. The defendant argues that by not including persons with "secondary addresses" before 2006, the Legislature expressed its intent not to include persons such as him, a temporary resident, in the registration scheme as in effect before July, 2006. The defendant's argument is misguided. Even if he may be categorized as a temporary or part-time resident, he was still a "resident" for purposes of the statute. The amendment merely clarified the registration requirements for people with multiple residences. The judge properly denied the motion.

c. *Knowingly.* The defendant argues that the judge erred in not allowing his motion for a required finding of not guilty

because the Commonwealth failed to prove that he knowingly failed to register as a sex offender. Specifically, he claims that based on information he obtained from the SORB Web site and from two attorneys, he did not believe that he came within the definition of "sex offender" under the statute, and thus was not required to register.

We think that there is no doubt that the jury could have found, beyond a reasonable doubt, that the defendant "knowingly" failed to register. SORB sent the defendant a letter and a registration form. Three different State troopers advised him that he had to register. The defendant's interpretation of the law does not control whether he had to register.[5] In any event, the defendant offers no case support for his argument, instead arguing the weight of the evidence. "An act is done 'knowingly' if it is the 'product of conscious design, intent or plan that it be done, and is done with awareness of probable consequences.' " *Commonwealth* v. *Kirkpatrick*, 44 Mass. App. Ct. 355, 356 (1998), quoting from *Still* v. *Commissioner of the Dept. of Employment & Training*, 423 Mass. 805, 812 (1996). Compare *Commonwealth* v. *Fondakowski*, 62 Mass. App. Ct. 939, 940 (2005).

2. *The jury instructions.* a. *Misdemeanor.* The defendant

---

[5]We note that a defendant convicted of a sex offense in Massachusetts can readily determine whether he is a "sex offender" under the registration law, and is thus required to participate in the prehearing registration process; G. L. c. 6, § 178C, lists all of the Massachusetts crimes which qualify as "sex offenses," and which, therefore, require prehearing registration. Whether a defendant convicted of a crime outside of Massachusetts is a "sex offender" under the statute is more difficult to determine, as it turns on whether he has committed a "like violation" as compared to the statutes specifically enumerated in § 178C. We are aware of no regulations promulgated by SORB to give more particular definition to the term "like violation" as used in the statute.

Here, where the defendant asserts he was of the belief that he was not a "sex offender" under that statute, because, inter alia, he had not committed a "like violation," it was open to him to seek declaratory relief and a preliminary injunction to stay prosecution for failure to register, pending a determination as to whether he came within the definition of "sex offender" under G. L. c. 6, § 178C. This was the path taken by the plaintiff in *Roe* v. *Attorney Gen.*, 10 Mass. L. Rep. 709 (Mass. Super. Ct. 1999). Compare *Roe* v. *Attorney Gen.*, 434 Mass. at 421 n.6. The John Doe amici curiae represented by Andrew Crouch have taken another route, bringing petitions for certiorari before the Superior Court, alleging that SORB lacks jurisdiction over their cases because their out-of-State convictions do not constitute "like violations."

argues that the judge should have instructed the jury that the New York sex offense is a misdemeanor, punishable at the most by three months in jail, and that the Massachusetts sex offense of indecent assault and battery is a felony, punishable by up to five years in State prison. First, as discussed above, the classification of a crime as either a misdemeanor or a felony is not a determinative factor whether an offense is a "like violation" under the sex offender registry statute. Cf. *Commonwealth* v. *Corbett*, 422 Mass. at 395-396. Second, the Massachusetts offense of indecent assault and battery may be sentenced as a misdemeanor and still require registration.

Finally, when determining whether an offense is a "like offense" or "like violation," we consider whether the "elements of each underlying criminal act" are sufficiently similar under all of the circumstances. *Id.* at 396. The judge did not err in declining to instruct the jury as requested by the defendant.

The defendant also argues that because the jury were instructed that the Commonwealth had to prove that the New York offense was sufficiently similar to the Massachusetts offense and because the prosecutor argued in closing that the judge would "give you what a like statute in Massachusetts is," the jury never understood the possibility that no like offense existed in Massachusetts. The judge instructed on the elements of failing to register, including the element of being "convicted of enumerated offenses or a like offense." He further instructed the jury on the elements of the New York offense and the elements of the Massachusetts crime of indecent assault and battery on a person over age fourteen, and instructed the jury that if they found the elements of the two crimes to be "substantially similar," "then the Commonwealth would have sustained its burden of proof that the defendant was convicted of a 'like offense.' " Last, the judge instructed the jury numerous times that the Commonwealth had the burden of proving its case beyond a reasonable doubt, and that, "if you find that the Commonwealth has failed to prove even one . . . of the five elements beyond a reasonable doubt then you must find the defendant not guilty." Taking all the instructions together, we are confident that the judge clearly communicated the Commonwealth's burden to the jury.

The defendant further argues that he would not have been required to register had he been convicted of this conduct in Massachusetts, as this "horse play" was not the kind of conduct the sex offender registration act was intended to cover. Whether this is an accurate characterization of the Massachusetts sex offender registry statute is a matter that, in the first instance, is for the SORB to decide through its postregistration hearing process. See *Roe* v. *Attorney Gen.*, 434 Mass. 418, 425, 428 (2001).[6] Submission of the initial registration form, before any determination of an offender's dangerousness, has been determined to be a reasonable burden. See *id.* at 428, 430-431 (minimal requirement of requiring sex offenders to provide name and address is "not in itself particularly burdensome," and, "while it infringes, to at least some extent, on [an offender's] liberty," "[t]he minimally intrusive method of mail-in registration . . . does not offend procedural due process"). At this prehearing stage of registration, an offender's registration information is disseminated to the local police and the Federal

---

[6]The Supreme Judicial Court has commented on the breadth of the registration statute, which, by virtue of the list of Massachusetts crimes included in § 178C as "sex offenses," sweeps into the prehearing registration process defendants who pose no danger to the public. See, e.g., *Doe* v. *Attorney Gen.*, 426 Mass. 136, 144-145 (1997) (*Doe No. 3*) ("There is . . . nothing inherent in the crime of indecent assault and battery . . . that indicates that . . . a person convicted of that crime . . . is a threat to those persons for whose protection the Legislature adopted the sex offender act"). See also *id.* at 150 (Fried, J., concurring) ("[U]rgency . . . shown by the severity of the harm and the likelihood of its occurrence" is necessary to justify imposition of the registration requirement. "The omnibus, catch-all nature of some of the offenses included in this statute are at a far remove from such a showing"); *Roe* v. *Attorney Gen.*, 434 Mass. at 434 ("[t]he statutory classification [of persons as 'sex offenders'] . . . expressly recognizes that some persons who have committed such offenses in the past will not pose any current danger"); *id.* at 442-443 (Cowin, J., concurring) ("I believe that the statute sweeps too broadly as applied to individuals . . . who could not rationally be deemed a threat to vulnerable persons"); *id.* at 446 (Marshall, C.J., concurring in part and dissenting in part) (statute requires registration "by individuals who pose no threat to children or other vulnerable persons").

Nonetheless, a divided court has, to date, found acceptable a postregistration procedure by which the board may release from the obligation to register those defendants who, notwithstanding the fact that they have been convicted of a crime listed in § 178C, do not pose a danger to the public. See *Roe* v. *Attorney Gen.*, 434 Mass. at 442; *ibid.* (Cowin, J., concurring); *id.* at 445 (Marshall, C.J., concurring in part and dissenting in part).

Bureau of Investigation, but is not yet made available to the public. 803 Code Mass. Regs. § 1.04(11) (2004). Once the form has been submitted, the offender may, pursuant to the SORB regulations, submit documentary evidence and request a hearing to determine whether he should be required to register, and if so, what level of dangerousness should be assigned to him. See 803 Code Mass. Regs. §§ 1.04(4), 1.05 (2004) (notification to defendant of right to submit documentary evidence "relative to his risk of reoffense, the degree of dangerousness posed to the public and his duty to register"); § 1.06 (board recommendation on registration status and classification); §§ 1.07-1.25 (opportunity for de novo hearing to challenge board's recommendation); §§ 1.06(4), 1.25(2) ("board shall promptly remove information pertaining to the offender from the sex offender registry" if it "determines that the offender does not have a duty to register").

Thus, to the extent the defendant argues that he should be excused from registering because he does not pose a danger (as opposed to his argument that he is not a "sex offender" under the statute, see note 5, *supra*), he is no differently situated than other offenders convicted under any of the Massachusetts statutes listed in § 178C. Such arguments, as to dangerousness, can be advanced during the course of SORB's postregistration procedures. See note 6, *supra*.

b. *Residence.* The defendant argues that the jury instruction on "residence" would have been more clear if the judge had provided a dictionary definition of "residence" or if the judge had defined residence as the legal equivalent of domicile. The judge instructed the jury as follows:

> "[I]n the law we have the concept of domicile and residence[.] You can only have one domicile but you can have lots of residences and so we use the word residence in its common everyday [inaudible] in understanding that the person may have more than one residence at any one given time and the Commonwealth would satisfy its burden of proof on this element if they have proven to you beyond a reasonable doubt that the defendant had a residence in the Commonwealth of Massachusetts at the time of the alleged violation."

This instruction was adequate. An instruction that "residence" was equivalent to domicile would have been incorrect. Domicile is "the place of one's actual residence 'with intention to remain permanently or for an indefinite time and without any certain purpose to return to a former place of abode.' " *Hershkoff* v. *Registrars of Voters of Worcester*, 366 Mass. 570, 578 (1974), quoting from *Opinion of the Justices*, 365 Mass. 661, 663 (1974). "[A] person may have a residence in one place and a . . . domicile . . . in another." *Horvitz* v. *Commissioner of Rev.*, 51 Mass. App. Ct. 386, 393 (2001).

3. *Constitutionality.* The defendant argues that the sex offender registration statute is unconstitutional as applied. He alleges that (a) his constitutional right to travel under the privileges and immunities clause was violated because he was not treated as a welcome visitor; and (b) his right to be free from cruel and usual punishment was violated by application of the registration statute to him "for conduct which in Massachusetts is not even a crime."

The defendant's constitutional claims are not supported by adequate appellate argument or citation, and it is not apparent that the constitutional claims were raised in the trial court. Where such claims are raised for the first time on appeal, and where there is no record "providing a basis for their intelligent resolution," the issues ought not be addressed. *Gagnon, petitioner*, 416 Mass. 775, 780 (1994).

In any event, the sex offender registration statute did not violate the defendant's right to travel. The right to interstate travel encompasses "the right of a citizen of one State to enter and to leave another State, the right to be treated as a welcome visitor rather than an unfriendly alien when temporarily present in the second State, and, for those travelers who elect to become permanent residents, the right to be treated like other citizens of that State." *Doe* v. *Miller*, 405 F.3d 700, 711 (8th Cir. 2005), quoting from *Saenz* v. *Roe*, 526 U.S. 489, 500 (1999). See *Sylvester* v. *Commissioner of Rev.*, 445 Mass. 304, 309 n.11 (2005). The defendant was not barred from entering Massachusetts, and he was not subjected to any harsher regulation than any other citizen of the Commonwealth. The act of completing the form and returning it to SORB did not create an encumbrance

on the defendant's right to travel. Compare *id.* at 311.

Nor did the registration requirement constitute cruel and unusual punishment. The sex offender registration laws are considered civil and remedial, and not primarily punitive in their purpose. See *Smith* v. *Doe*, 538 U.S. 84, 95-96 (2003); *Roe* v. *Farwell*, 999 F. Supp. 174, 192 (D. Mass. 1998); *Opinion of the Justices*, 423 Mass. 1201, 1237-1240 (1996). Compare *Kansas* v. *Hendricks*, 521 U.S. 346, 361-362 (1997) (civil commitment); *Commonwealth* v. *Bruno*, 432 Mass. 489, 500 (2000) (G. L. c. 123A, providing for civil commitment of sexually dangerous persons, intended to be remedial).

*Judgment affirmed.*

COHEN, J. (concurring). I agree with the result in this case because the defendant was provided ample notice that he needed to register as a sex offender in Massachusetts and took no steps either to register or to obtain administrative or judicial clarification as to his status. I write separately, however, to express my concern that the registration scheme contains neither an adequate time period nor an adequate process for individuals with out-of-State convictions, acting conscientiously, to determine whether they are required to register, before being exposed to potential criminal prosecution.

Unlike the situation presented in *Roe* v. *Attorney Gen.*, 434 Mass. 418 (2001),[1] the question here is not whether an individual with an out-of-State conviction is dangerous, but whether, as a threshold matter, he is a "sex offender" as defined by the registration statute; for only "sex offenders" are required to register under the statute. In this context, the statute requires an

---

[1] In *Roe* v. *Attorney Gen.*, 434 Mass. at 419-420, the Supreme Judicial Court considered whether, within the bounds of due process, a sex offender (i.e., a person convicted of one of the crimes listed in G. L. c. 6, § 178C), even if not dangerous, could be required to register before being afforded a hearing on dangerousness, with relief from registration provided only after such a person already had registered, and his personal information had been shared with local police and the Federal Bureau of Investigation (FBI). In a divided decision, the court held constitutional the requirement that sex offenders register prior to any hearing or consideration as to their dangerousness. *Id.* at 442. See note 6, *ante.*

individual to recognize that he is a "sex offender" on account of his out-of-State conviction and then to register — within only two days of moving into Massachusetts. G. L. c. 6, § 178E(*g*).

If the statute contained a mechanical test — e.g., that an individual with an out-of-State conviction will be considered a "sex offender" if he has been required to register in the State where he was convicted[2] — this time frame might be adequate. But two days is an unreasonably short period of time for compliance in situations where it is not obvious that the out-of-State conviction is for a "like violation" of law when compared to the Massachusetts statutes listed in G. L. c. 6, § 178C.

Furthermore, neither the statute nor the SORB regulations provide a means for an individual with an out-of-State conviction to learn whether that conviction is for a "like violation" before subjecting himself either to the prehearing registration process (and the attendant dissemination of his personal information to the police and the Federal Bureau of Investigation), or, if he fails to register, to the risk of prosecution. Even if other mechanisms have been improvised for obtaining a preregistration determination and forestalling prosecution, see note 5, *ante*, the absence of a uniform process means that the issue of "like violation" may be considered by different decision-makers (judge, jury, administrative agency), under potentially different approaches (as an issue of law, an issue of fact, or a mixed question of law and fact), and under potentially different standards of review on appeal.[3]

---

[2] See, e.g., N.Y. Correct. Law § 168a(2)(d)(ii) (McKinney 2003) ("sex offense" defined, inter alia, as "a felony in any other jurisdiction for which the offender is required to register as a sex offender in the jurisdiction in which the conviction occurred").

[3] Here, the issue has been reviewed in the context of an appeal from a criminal conviction after a jury trial. The amici John Does have sought review by way of certiorari, alleging that SORB has no jurisdiction over them because they are not "sex offenders" under the statute. See note 5, *ante*. The plaintiff in *Roe* v. *Attorney Gen.*, 10 Mass. L. Rep. 709 (Mass. Super. Ct. 1999) (see note 5, *ante*) sought a declaratory judgment and obtained a preliminary injunction, successfully arguing in the Superior Court that he is not a sex offender under the registration statute. Still other individuals with out-of-State convictions may consent to participate in the prehearing registration process (thus allowing their personal information to be forwarded to the local police and the FBI) and later seek review of the SORB decision pursuant to G. L. c. 30A (see G. L. c. 6, § 178M).

In short, the registration scheme as it pertains to individuals with out-of-State convictions is problematic. Whether or not these problems could give rise, in an appropriate case, to issues of constitutional dimension, this area, in my view, would benefit from further Legislative attention.