JOHN DOE, SEX OFFENDER REGISTRY BOARD No. 346132 *vs.*
SEX OFFENDER REGISTRY BOARD.

No. 13-P-548.

Suffolk. March 5, 2014. - June 18, 2014.

Present: KAFKER, FECTEAU, & AGNES, JJ.

*Sex Offender. Sex Offender Registration and Community Notification Act.
Jurisdiction,* Sex offender. *Kidnapping. Rape. Practice, Civil,* Sex offender.
*Words,* "Like violation."

The Sex Offender Registry Board (board) lacked jurisdiction over the plaintiff
to require him to register as a sex offender and to classify him under G. L.
c. 6, § 178C, based on a Federal conviction of kidnapping, where that
conviction did not have an analogous "like violation" in Massachusetts
that would compel registration, in that the elements of the crimes of kidnap-
ping and aggravated rape (the crime that, according to the board, constituted
a like violation) were not the same or nearly the same [484-487]; further,
this court declined to consider whether the crime of kidnapping as proved
in the plaintiff's particular case was similar enough to aggravated rape as
to constitute a like violation [487-489].

CIVIL ACTION commenced in the Superior Court Department on
March 29, 2012.

The case was heard by *Elizabeth M. Fahey,* J., on a motion
for judgment on the pleadings.

*Eric Tennen* for the plaintiff.

*David L. Chenail* for the defendant.

KAFKER, J. Based on a 1987 Federal kidnapping conviction,
the Sex Offender Registry Board (SORB or board) notified
John Doe of his duty to register and his preliminary classifica-
tion as a level three sex offender. Doe unsuccessfully contested
both the registration requirement and the level of classification
at an evidentiary hearing and in Superior Court.

On appeal, Doe argues that SORB lacks jurisdiction over
him, obviating his need to register and rendering his classifica-

85 Mass. App. Ct. 482 (2014)                                    483

Doe, Sex Offender Registry Board No. 346132 *v.* Sex Offender Registry Board.

tion void. As his conviction was not in a Massachusetts court, this argument depends on the proper interpretation and application of G. L. c. 6, § 178C, as amended by St. 1999, c. 74, § 2, which requires registration for individuals convicted in another jurisdiction of a "like violation" similar to a Massachusetts sex crime requiring registration. In Doe's view, his Federal kidnapping conviction does not have an analogous "like violation" in Massachusetts that would compel registration. Conversely, SORB contends that in Doe's particular case, "rape and assault" were proved to satisfy an element of his Federal kidnapping charge, and that this is sufficient to satisfy the elements of the Massachusetts offense of aggravated rape, which requires registration. It is SORB's position that Doe was essentially convicted of a "like violation" and thus subject to SORB's jurisdiction. Based on our understanding of the test set out in *John Doe, Sex Offender Registry Bd. No. 151564* v. *Sex Offender Registry Bd.*, 456 Mass. 612, 615-619 (2010) (*Doe No. 151564*), which requires that the elements of the two offenses be the same or nearly the same, and precludes registration based on the particular facts underlying a conviction, we must reject SORB's conduct-based argument.[1]

*Factual and procedural history.* On February 2, 1987, a Federal jury found Doe guilty of kidnapping pursuant to 18 U.S.C. § 1201. Although the Federal trial record before us is largely incomplete, the charge was apparently based on his abducting a nine year old girl, taking her from Rhode Island to Massachusetts, and physically and sexually assaulting her.

Doe was sentenced to the mandatory minimum of seventy-five years, twenty-five of which were to be served without parole. His parole eligibility was later expanded on appeal, and in August, 2006, after serving approximately twenty years in jail, he was paroled.

In November, 2011, five years after Doe was released from prison, SORB notified him that he was subject to registration as a level three sex offender. Doe unsuccessfully disputed this in an evidentiary hearing on February 17, 2012, and then appealed

---

[1]Doe also challenges his classification as a level three sex offender, but as we hold that SORB has no jurisdiction over him, we need not reach that argument.

the hearing decision to the Superior Court. On December 19, 2012, the judge granted SORB's motion for judgment on the pleadings and affirmed its registration requirement and classification. Doe subsequently filed this timely appeal.

*Standard of review.* Under G. L. c. 6, § 178M, a registrant may seek judicial review of SORB's final registration requirement and classification decision in accordance with the Administrative Procedure Act. Thus, although we show deference "to the expertise, technical competence, and specialized knowledge" of the board, see *Pelonzi* v. *Retirement Bd. of Beverly*, 451 Mass. 475, 478 n.8 (2008), we reverse if its decision was "(*a*) [i]n violation of constitutional provisions; or (*b*) [i]n excess of the statutory authority or jurisdiction of the [board]; or (*c*) [b]ased upon an error of law; or (*d*) [m]ade upon unlawful procedure; or (*e*) [u]nsupported by substantial evidence; or (*f*) [u]nwarranted by facts found by the court . . . where the court is constitutionally required to make independent findings of fact; or (*g*) [a]rbitrary or capricious, an abuse of discretion, or otherwise not in accordance with law." G. L. c. 30A, § 14(7), as amended by St. 1973, c. 1114, § 3.

*The statute and subsequent interpretation.* In 1999, the Legislature enacted an emergency law formally entitled "An Act Improving the Sex Offender Registry and Establishing Civil Commitment and Community Parole Supervision for Life for Sex Offenders" (Act). St. 1999, c. 74, codified at G. L. c. 6, §§ 178C-178P. The Act instituted broad measures designed to inform and protect the public from convicted sex offenders, including reforms to the Commonwealth's central, computerized sex offender registry. The Act requires registration for all who are found guilty of any of a list of enumerated sexual offenses, as well as any person convicted of "a like violation of the laws of another state, the United States or a military, territorial or Indian tribal authority." G. L. c. 6, § 178C, as amended by St. 1999, c. 74, § 2.

The "like violation" provision was parsed by this court in *Commonwealth* v. *Becker*, 71 Mass. App. Ct. 81, 85-87, cert. denied, 555 U.S. 933 (2008). In *Becker*, the defendant had been convicted in New York of sexual abuse in the third degree, but argued that it was not a "like violation" of the registrable Mas-

sachusetts offense of indecent assault and battery on a person over fourteen. The court upheld his registration requirement, noting that the "essence[s]" of the two crimes were equivalent, and interpreting "like violation" in light of its plain meaning to be a violation that is "the same or nearly the same." *Id.* at 87 (citation omitted).

Two years later, the Supreme Judicial Court further explicated the "like violation" test in *Doe No. 151564*, 456 Mass. at 615-618. "A 'like violation' is a conviction in another jurisdiction of an offense of which the elements are the same or nearly the same as an offense requiring registration in Massachusetts." *Id.* at 615. After examining the elements of the Maine crime of unlawful sexual contact and the purported "like" Massachusetts crime of indecent assault and battery on a child under the age of fourteen, the court concluded they were "essentially the same," requiring registration. *Id.* at 617.

In *Doe No. 151564*, the court also drew a distinction between the elements of the offense and the conduct underlying the conviction. "Because the registration requirement is defined in terms of offenses," SORB is to consider the elements of the offenses, "not conduct." *Id.* at 619. "Permitting an inquiry into the facts supporting a conviction in another jurisdiction could expand the registration requirement to include crimes beyond those that explicitly encompass sexual conduct." *Ibid.* The court recognized a potential notice problem, particularly for those pleading guilty, stating, "the defendant in the other State would not have notice that, by pleading guilty to a crime that does not require proof of sexual conduct, he or she would be required to register as a sex offender upon establishing residency in Massachusetts." *Ibid.* Subsequent cases have adhered to the *Doe No. 151564* elements analysis. See, e.g., *Commonwealth* v. *Bell*, 83 Mass. App. Ct. 82, 87 (2013) ("[A]n analysis of the 'essence' of the two crimes leads to the conclusion that they are the same or nearly so").

*Relevant criminal statutes.* SORB contends that Doe's conviction in Federal court for kidnapping constitutes a "like violation," comparable to the crime of aggravated rape in Massachusetts. Applying the test of *Doe No. 151564*, we must compare the elements of the two offenses to determine if they are the same or nearly the same.

Doe was convicted under 18 U.S.C. § 1201, which punishes one who "unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away and holds for ransom or reward or otherwise" a victim "willfully transported in interstate or foreign commerce." The statute has been interpreted to consist of four elements: (1) the transportation in interstate commerce; (2) of an unconsenting victim; (3) for ransom, reward, or otherwise; (4) by a knowing or willing perpetrator. See *United States* v. *Osborne*, 68 F.3d 94, 100 (5th Cir. 1995); *United States* v. *Lowe*, 145 F.3d 45, 52 (1st Cir. 1998). The phrase, "for ransom or reward or otherwise," has been interpreted broadly to include legal and illegal purposes, including the purposes of sexual gratification. See *Gooch* v. *United States*, 297 U.S. 124, 128 (1936); *United States* v. *Parker*, 103 F.2d 857, 860-861 (3d Cir. 1939) (purpose was to induce confession to kidnapping Charles A. Lindbergh, Jr.); *United States* v. *Atchison*, 524 F.2d 367, 368 (7th Cir. 1975) (purpose was to remove child from perceived harmful environment); *United States* v. *Crosby*, 713 F.2d 1066, 1071 (5th Cir. 1983) (purpose was to induce better treatment by Veterans Administration); *United States* v. *Childress*, 26 F.3d 498, 503 (4th Cir. 1994) ("[I]t is sufficient for the government to show that the defendant acted for any reason which would in any way be of benefit"); *United States* v. *Lowe*, 145 F.3d at 52 (" 'otherwise' can include sexual gratification"); *United States* v. *Griffin*, 547 Fed. Appx. 917, 920-921 (11th Cir. 2013), citing *United States* v. *Healy*, 376 U.S. 75, 81-82 (1964) (interpreting "or otherwise" to mean securing some benefit for defendant that "does not have to be pecuniary, nor . . . illegal").

Aggravated rape is a crime with three elements: (1) sexual intercourse; (2) with another who is compelled to submit by force or by threat of bodily injury; and (3) such intercourse results in serious bodily injury, is the result of a joint enterprise, or is committed during the commission of another specified crime.[2] G. L. c. 265, § 22(*a*). See *Commonwealth* v. *Wilcox*, 72 Mass. App. Ct. 344, 348 (2008).

---

[2]The full list of aggravating crimes are assault and battery by means of a dangerous weapon, assault by means of a dangerous weapon, both armed and unarmed robbery, kidnapping, five species of burglary, and unlawful possession of a firearm. See G. L. c. 277, § 39.

85 Mass. App. Ct. 482 (2014)                    487

Doe, Sex Offender Registry Board No. 346132 *v.* Sex Offender Registry Board.

It is apparent that the elements of kidnapping and aggravated rape are not the same or nearly the same, as required by *Doe No. 151564*. In fact, they do not have a single required element in common.[3] This is far different from the circumstances in *Doe No. 151564*, where the crimes in question contained nearly identical prohibitions of unapproved sexual touching, differing only in statutory formulation: Massachusetts forbid "indecent touching," while Maine prohibited "sexual contact." See *Doe No. 151564*, 456 Mass. at 616-617.

The essences of the two crimes at issue here are dissimilar as well. The kidnapping statute seeks to punish and deter those who would transport others against their will, while aggravated rape targets the most damaging cases of coerced sexual intercourse. Although some set of facts exists that could lead to prosecutions and convictions for both crimes, i.e., where the kidnapping was undertaken for the purpose of raping the victim, the two statutes do not "prohibit essentially the same conduct." *Id.* at 617. Because their elements are not the same or nearly the same, the Federal crime of kidnapping is not "like" the Massachusetts crime of aggravated rape.

SORB contends that kidnapping as proved in Doe's *particular* case was similar enough to aggravated rape as to constitute a "like violation." In making this argument, SORB is essentially asking us to change the analysis by looking at the crime as charged and proved in a particular case instead of looking at the elements of the statute as written. We decline to do so, for the following reasons.

First, such a change would be a marked departure from precedent. Prior cases have all conducted the "like violation" analysis only by examining the elements of the offenses. See, e.g., *ibid.*; *Becker*, 71 Mass. App. Ct. at 85-87; *Bell*, 83 Mass. App. Ct. at 87. No case has authorized an inquiry into the particularities of how the prior conviction was charged and proved.[4] Furthermore, determining a "like violation" from the specifics of an individual case necessitates an examination of

---

[3] Although rape could be proved to satisfy the kidnapping requirement of "ransom or reward or otherwise," the requirement could also be met by proving other nonsexual crimes or conduct.

[4] We discern no support for this argument in the sentence from *Doe No.*

the conduct underlying the conviction, a method expressly forbidden by the Supreme Judicial Court. *Doe No. 151564*, 456 Mass. at 619.

SORB attempts to characterize its approach as within the bounds of the elements test. It relies primarily on the language in Doe's indictment, which alleged that he kidnapped the victim "for ransom, reward and otherwise, including assaulting and raping [the victim]."[5] Therefore, according to SORB, "[f]or the Government to prove its case against [Doe], it had to prove, as an element of the offense, that he assaulted and raped the victim." We are not persuaded.

In the instant case, the "ransom or reward or otherwise" requirement was broadly defined in the indictment. Thus, even by the terms of the indictment, proof of the requirement was not limited to rape. Nor was it required to be so limited, either by the statutory definition of "ransom or reward or otherwise," or by the legal principles governing the interpretation of indictments. See *Hamling* v. *United States*, 418 U.S. 87, 117-118 (1974) (stating indictment must only contain statutory elements accompanied by sufficient facts to give accused notice); *Commonwealth* v. *Fernandes*, 430 Mass. 517, 519-520 (1999) ("A complaint or indictment will not be dismissed . . . if the offense is charged with sufficient clarity to show a violation of law and to permit the defendant to know the nature of the accusation against him. It is not necessary for the Commonwealth to set forth in the complaint or indictment every element of the crime to withstand a motion to dismiss" [quotation omitted]). Assault and/or rape were two of any number of possible means of proving the "ransom or reward or otherwise" requirement of

_151564_ that states that "the 'like violation' requirement [is] satisfied [when] it is shown that the proof necessary for the out-of-State conviction would also warrant a conviction of a Massachusetts offense for which registration is required." *Doe No. 151564*, 456 Mass. at 616. This sentence refers to the fact that the Maine statute in question was narrower than the Massachusetts statute, and therefore "any act that qualifies as sexual conduct under the Maine statute would qualify as indecent under the Massachusetts statute." *Id.* at 617. The court was highlighting a congruency between the statutes as written, not as applied.

[5]SORB also relies on excerpts of the kidnapping trial transcript and factual allegations in the Federal criminal complaint, but these clearly and impermissibly speak to the underlying conduct.

the kidnapping statute. See 18 U.S.C. § 1201. See also *United States* v. *Gabaldon*, 389 F.3d 1090, 1096 (10th Cir. 2004) (noting "otherwise" requirement is "very lax"). An assault alone would have been sufficient to satisfy the requirement, but a person convicted of a simple assault is not required to register as a sex offender. See G. L. c. 6, § 178C (listing registrable offenses). Moreover, even the express reference in the indictment to rape did not require the government to prove rape to satisfy the "ransom or reward or otherwise" requirement, as it is not uncommon for indictments to contain additional factual or legal detail that need not be proved for a conviction. See *United States* v. *Noveck*, 271 U.S. 201, 203 (1926) (rejecting extraneous language in indictment as surplusage); *United States* v. *Miller*, 471 U.S. 130, 136 (1985) (upholding conviction where indictment contained several means of committing crime, some of which were not proved at trial); *Commonwealth* v. *Murphy*, 415 Mass. 161, 164 (1993) (approving indictment charging multiple alternative means of committing crime while acknowledging only one means needed to be proved to convict); *Commonwealth* v. *Randolph*, 415 Mass. 364, 367 (1993) (finding no error where indictment charged intent to commit specific felony but jury instructed on multiple possible felonies); *Commonwealth* v. *Willard*, 53 Mass. App. Ct. 650, 653 (2002) ("identity of the felony is not an element of the crime" and thus no error for jury to convict based on intent to commit unspecified felony). In sum, the "ransom or reward or otherwise" requirement of kidnapping is too broadly defined in the indictment itself, as well as in the Federal kidnapping statute, to be limited to proof of rape as argued by SORB.

As a final matter, we recognize that Doe's conduct could have supported an indictment, prosecution, and, based on the limited record we have of the Federal proceedings, conviction for aggravated rape. Had such a prosecution been undertaken and such a conviction achieved, registration would have been required. But that was not the crime for which Doe was indicted and convicted, nor the inquiry that we are required to undertake. See *Doe No. 151564*, 456 Mass. at 619. Doe was convicted of kidnapping. As the elements of the Federal kidnapping statute and the Massachusetts aggravated rape statute are too dissimilar,

we conclude that they are not "like violation[s]" under the sex offender registration statute. Therefore, SORB exceeded its jurisdiction in requiring Doe to register.

*Judgment reversed.*