NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-845

JOHN DOE, SEX OFFENDER REGISTRY BOARD NO. 527680

vs.

SEX OFFENDER REGISTRY BOARD.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, John Doe, appeals from a Superior Court judgment affirming his classification by the Massachusetts Sex Offender Registry Board (SORB) as a level three sex offender. Doe argues that SORB lacks subject matter jurisdiction over him because his New York conviction of forcible touching, N.Y. Penal Law § 130.52 (McKinney 2015), is not for a "like violation" to indecent assault and battery, G. L. c. 265, § 13H, so he has not been convicted of a "sex offense" within the meaning of G. L. c. 6, § 178C.  He further argues that his due process rights were violated because when he pleaded guilty in New York in 2016, the prosecutor said that he would not have to register as a sex offender in New York, and he did not receive notice that

his conviction would require him to register as a sex offender in Massachusetts.  We affirm.

Background.  We summarize the facts as set forth in the hearing examiner's decision, "supplemented by undisputed facts from the record."  Doe, Sex Offender Registry Bd. No. 10800 v. Sex Offender Registry Bd., 459 Mass. 603, 606 (2011).

In July 2015, Doe sexually assaulted a thirty-two year old woman (victim one) in his motel room in South Glens Falls, New York.  Without victim one's consent, Doe touched her vagina with his fingers and forcibly performed cunnilingus on her.

In August 2015, Doe sexually assaulted a thirty-nine year old woman (victim two) in the same motel room.  Without victim two's consent, Doe touched her breast and raped her by penetrating her vagina with his penis.  Deoxyribonucleic acid (DNA) evidence taken from victim two's body matched a sample of Doe's DNA.

On August 18, 2016, for his sexual assault on victim two, Doe pleaded guilty to forcible touching in violation of N.Y. Penal Law § 130.52.[1]  As to Doe's conduct against victim one, the parties agreed that those charges were superseded by the

---

[1] For his conduct against victim two, Doe originally had been charged with first-degree rape by forcible compulsion, N.Y. Penal Law § 130.35(01) (McKinney 2001), and second-degree unlawful imprisonment, N.Y. Penal Law § 135.05 (McKinney 1965).

2

conviction for forcible touching upon victim two.[2]  Doe's plea was conditioned on the promise that he was not required to register as a sex offender in New York.

On March 30 and 31, 2017, in New Bedford, Massachusetts, Doe kept a twenty-four year old woman (victim three) in a house against her will and solicited money from men who forced her to perform sexual acts.  During one transaction, when victim three refused to perform oral sex on a man, Doe slapped her face.  On March 31, without victim three's consent, Doe raped her by putting his penis into her vagina.  When police arrested Doe, he punched an officer in the face.  Based on those events, Doe pleaded guilty to deriving support from prostitution, G. L. c. 272, § 7; kidnapping, G. L. c. 265, § 26; assault and battery, G. L. c. 265, § 13A (a); and assault and battery on a police officer, G. L. c. 265, § 13D.[3]

In 2020, SORB notified Doe of his duty to register as a level three sex offender in Massachusetts.  After Doe challenged

---

[2] For his conduct against victim one, Doe had originally been charged with first-degree sexual abuse, N.Y. Penal Law § 130.65(01) (McKinney 2011), first-degree criminal sexual act, N.Y. Penal Law § 130.50(01) (McKinney 2003), and third-degree assault, N.Y. Penal Law § 120.00(02) (McKinney 1965).

[3] For his conduct against victim three, Doe was also indicted for rape, G. L. c. 265, § 22 (b); trafficking for sexual servitude, G. L. c. 265, § 50 (a); and threatening to commit a crime, G. L. c. 275, § 2.  The Commonwealth entered nolle prosequis as to those indictments.

his classification, SORB held an evidentiary hearing on December 1, 2021. The hearing examiner considered documentary evidence including Doe's prior criminal record and prison disciplinary reports.[4] The hearing examiner also considered a July 2021 report by a qualified examiner who opined that Doe was a sexually dangerous person, based on information including that Doe scored seven on the Static 99-R test, indicating a "[w]ell above average" risk of sexual recidivism.

In classifying Doe as a level three sex offender, the hearing examiner concluded that Doe's conviction for forcible touching, N.Y. Penal Law § 130.52, was for a "like violation" to indecent assault and battery, G. L. c. 265, § 13H, and therefore Doe was required pursuant to G. L. c. 6, § 178C, to register as a sex offender. In assessing the evidence, the hearing examiner applied with "increased weight" high-risk factor 2 (repetitive and compulsive behavior). The hearing examiner found by clear and convincing evidence that Doe presents a high risk to reoffend as well as a high degree of dangerousness, and that a substantial public safety interest is served by Internet publication of his registry information.

---

[4] Doe's criminal history also included a 2008 Maryland conviction for robbery and a 2016 Rhode Island conviction for selling "crack" cocaine to an undercover officer.

Doe filed a Superior Court complaint for judicial review. On cross motions of the parties, a judge entered judgment on the pleadings in favor of SORB.  Doe appeals.

Discussion. 1. Standard of review.  We review de novo a judge's consideration of an agency decision.  See Doe, Sex Offender Registry Bd. No. 523391 v. Sex Offender Registry Bd., 95 Mass. App. Ct. 85, 89 (2019).  "A reviewing court will not disturb SORB's decision unless that decision was (a) in violation of constitutional provisions; (b) in excess of SORB's authority; (c) based upon an error of law; (d) made upon unlawful procedure; (e) unsupported by substantial evidence; (f) unwarranted by facts found by the court, where the court is constitutionally required to make independent findings of fact; or (g) arbitrary or capricious, an abuse of discretion, or otherwise not in accordance with law."  Doe, Sex Offender Registry Bd. No. 68549 v. Sex Offender Registry Bd., 470 Mass. 102, 108-109 (2014).  See G. L. c. 30A, § 14 (7).

2. "Like violation."  Doe argues that SORB lacked jurisdiction to adjudicate him as a sex offender because the offense for which he was convicted in New York is not a "like violation" to a Massachusetts sex offense as defined in G. L. c. 6, § 178C.  See Doe, Sex Offender Registry Bd. No. 151564 v. Sex Offender Registry Bd., 456 Mass. 612, 615 (2010) (Doe No. 151564).  As used in G. L. c. 6, § 178C, "[a] 'like violation'

5

is a conviction in another jurisdiction of an offense of which the elements are the same or nearly the same as an offense requiring registration in Massachusetts." Doe No. 151564, supra at 615. The elements of the other jurisdiction's offense "need not be precisely the same" as those of the Massachusetts offense. Commonwealth v. Bell, 83 Mass. App. Ct. 82, 85 (2013).

Having examined the elements of each statute, we conclude that Doe's New York conviction for forcible touching is for a like violation to indecent assault and battery. The New York statute defines the crime of forcible touching as "intentionally, and for no legitimate purpose . . . forcibly touch[ing] the sexual or other intimate parts of another person for the purpose of degrading or abusing such person; or for the purpose of gratifying the actor's sexual desire." N.Y. Penal Law § 130.52(1). The Massachusetts offense, indecent assault and battery, G. L. c. 265, § 13H, has been defined by case law as "the intentional, unjustified touching of private areas such as the breasts, abdomen, buttocks, thighs, and pubic area of a female" (quotation and citation omitted). Commonwealth v. Becker, 71 Mass. App. Ct. 81, 87, cert. denied, 555 U.S. 933 (2008). "The essence of the New York crime, the unconsented-to touching of the sexual or other intimate parts of a person for the purpose of gratifying the sexual desire of [the actor], comports with the essence of the Massachusetts crime." Id. See

6

Doe No. 151564, 456 Mass. at 616-617 (Maine unlawful sexual contact statute "like violation" to Massachusetts indecent assault and battery one, though former required proof of intent to sexually gratify [or to cause bodily injury or offensive physical contract] and latter required proof that conduct was indecent, i.e., "offensive to contemporary moral values").

In arguing that forcible touching is not a "like violation" to indecent assault and battery, Doe does not contest the similarity of the elements of the offenses. Rather, he contends that because his conviction for forcible touching did not require him to register as a sex offender in New York, it cannot meet the definition of a sex offense in Massachusetts.[5] We are not persuaded. As explained above, to decide whether an offense as defined in another jurisdiction constitutes a like violation to a Massachusetts offense, we compare the elements. Just as whether a statute treats certain conduct as a felony or misdemeanor is "not necessarily determinative" of what constitutes a like violation, see Becker, 71 Mass. App. Ct. at 86, so too, differences in postconviction collateral

_____

[5] Under the New York Sex Offender Registration Act as in effect at the time of Doe's sentencing, a person convicted of forcible touching, N.Y. Penal Law § 130.52, was not required to register as a sex offender if, as was the case here, the victim was at least eighteen years old and the offender had not been previously convicted of certain sex offenses. See N.Y. Correct. Law § 168-a(2)(b)-(c), effective Jan. 19, 2016.

7

consequences such as sex offender registration do not determine whether two criminal statutes are like violations within the meaning of G. L. c. 6, § 178C.

As for Doe's argument that we should apply the "rule of lenity," it is unavailing. In Doe No. 151564, 456 Mass. at 618-619, the court applied that rule in rejecting SORB's argument that, where an offender was convicted in another State of a nonsexual crime, it could look beyond the elements of the out-of-State offense and consider the offender's underlying behavior. Because, as discussed above, the elements of Doe's New York offense render it a like violation to indecent assault and battery, G. L. c. 6, § 178C, was not ambiguous as applied to Doe.

3. Due process. For the first time on appeal, Doe argues that his due process rights were violated when SORB initiated administrative proceedings against him. Doe contends that, before initiating proceedings, SORB should have held a hearing to make a preliminary determination whether forcible touching was a like violation to indecent assault and battery. Putting aside the question whether Doe waived his due process argument, we conclude that Doe has not shown prejudice. After SORB notified him of his duty to register and its preliminary classification, G. L. c. 6, § 178L (1), Doe exercised his right to a hearing, G. L. c. 6, § 178L (2), after which the hearing

8

examiner properly determined that forcible touching is a like violation to indecent assault and battery. See Doe, Sex Offender Registry Bd. No. 3844 v. Sex Offender Registry Bd., 447 Mass. 768, 776 (2006) ("procedural safeguards entitling most offenders to a hearing and a determination as to whether registration is required satisfy procedural due process").

Doe argues that, because G. L. c. 6, § 178E (g), requires out-of-State sex offenders to register with SORB "within two days of moving into the [C]ommonwealth," he could have been unfairly subjected to criminal prosecution for failure to register as a sex offender, G. L. c. 6, § 178H, shortly after he moved to Massachusetts in 2017, even though he was told at his 2016 plea that he would not have to register in New York.[6] Cf. Becker, 71 Mass. App. Ct. at 94-96 (Cohen, J., concurring) (concluding that defendant prosecuted for failure to register had "ample notice" that New York conviction required registration, but recommending that statute be clarified). Doe's argument is unavailing. After Doe's convictions for

---

[6] To the extent that Doe argues that his New York plea was involuntary because he was not informed that he would be required to register as a sex offender in Massachusetts, we do not reach the question. However, we note that in Massachusetts, the failure to inform a defendant of the sex offender registration requirement is not grounds to invalidate a plea. See G. L. c. 6, § 178E (d); Commonwealth v. Shindell, 63 Mass. App. Ct. 503, 505 (2005). New York law appears to be similar. See People v. Gravino, 14 N.Y.3d 546, 550 (2010).

9

offenses in Massachusetts against victim three, SORB notified him in 2020 that he was required to register as a sex offender based on his New York conviction for forcible touching. That was ample notice of the registration requirement.[7]

Judgment affirmed.

By the Court (Rubin, Massing & Grant, JJ.[8]),

*Paul Little*

Clerk

Entered: February 4, 2025.

---

[7] The record before us contains no information that Doe was criminally prosecuted for failure to register as a sex offender, and so we need not reach the question whether such a prosecution in 2017 would have violated due process.

[8] The panelists are listed in order of seniority.