532 S.E.2d 262

**The STATE, Respondent,**

v.

**Dominique GRAHAM, Appellant.**

No. 25122.

Supreme Court of South Carolina.

Heard April 5, 2000.

Decided May 15, 2000.

Assistant Appellate Defender Robert M. Dudek, of South Carolina Office of Appellate Defense, of Columbia, for appellant.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Donald J. Zelenka, all of Columbia, and Solicitor E.L. Clements, III, of Florence, for respondent.

MOORE, Justice:

Appellant pled guilty to murder and armed robbery. We affirm.

## FACTS

On June 18, 1997, appellant pled guilty to murder and armed robbery and was sentenced to thirty years for each to run consecutively. The crimes were committed on January 18, 1996, when appellant was sixteen years old.

## ISSUE

Did the circuit court have jurisdiction to accept appellant's guilty plea?

## DISCUSSION

Appellant contends the circuit court was without jurisdiction to accept his guilty plea. We disagree.

The version of S.C.Code Ann. § 20–7–430 [1] in effect when appellant committed the offenses provided:

> If, during the pendency of a criminal or quasi-criminal charge against a *child* in a circuit court of this State, it is ascertained that the *child* was under the age of seventeen years at the time of committing the alleged offense, it is the duty of the circuit court immediately to transfer the case, together with all the papers, documents and testimony connected with it, to the family court of competent jurisdiction, except in those cases where the Constitution gives to the circuit court exclusive jurisdiction or in those cases where jurisdiction has properly been transferred to the circuit court by the family court under the provisions of this section. . . .

Also effective in January 1995, the definition of "child" was set forth in S.C.Code Ann. § 20–7–390 [2] which provided:

> When used in this article, unless the context otherwise requires, "child" means a person less than seventeen years of age, where the child is dealt with as a juvenile delinquent. *"Child" does not mean a person sixteen years of age or older who is charged with a Class A, B, C, or D felony as defined in Section 16–1–20 or a felony which provides for a maximum term of imprisonment of fifteen years or more.*

---

**1.** Section 20–7–430 was repealed effective July 1, 1996. 1996 S.C. Act No. 257 § 1. Section 20–7–430 was recodified as § 20–7–7605 (Supp. 1999).

**2.** Section 20–7–390 was repealed effective July 1, 1996 by 1996 Act 383 § 2. Section 20–7–390 was recodified as § 20–7–6605 (Supp.1999). Section 20–7–6605 currently provides:

When used in this article and unless otherwise defined or the specific context indicates otherwise:

(1) "Child" means a person less than seventeen years of age. "Child" does not mean a person sixteen years of age or older who is charged with a Class A, B, C, or D felony as defined in Section 16–1–20 or a felony which provides for a maximum term of imprisonment of fifteen years or more. However, *a person sixteen years of age who is charged with a Class A, B, C, or D felony as defined in Section 16–1–20 or a felony which provides for a maximum term of imprisonment of fifteen years or more may be remanded to the family court for disposition of the charge at the discretion of the solicitor.* An additional or accompanying charge associated with the charges contained in this item must be heard by the court with jurisdiction over the offenses contained in this item.

However, a person sixteen years of age who is charged with a Class A, B, C, or D felony as defined in Section 16–1–20 or a felony which provides for a maximum term of imprisonment of fifteen years or more *may be remanded* to the family court for disposition of the charge at the discretion of the solicitor.

Class A, B, C, and D felonies include, among other offenses, armed robbery. Murder has a maximum sentence greater than fifteen years.

■ The family court is a statutory court created by the legislature and, therefore, is of limited jurisdiction. Its jurisdiction is limited to that expressly or by necessary implication conferred by statute. The jurisdictional authority of the court is set forth in the Children's Code. *South Carolina Dept. of Mental Health v. State*, 301 S.C. 75, 390 S.E.2d 185 (1990).

When appellant pled guilty in 1996, S.C.Code Ann. § 20–7–400(A) provided that: "Except as otherwise provided herein, the [family] court shall have *exclusive* original jurisdiction and shall be the sole court for initiating action: (1) Concerning any *child* living or found within the geographical limits of its jurisdiction . . . (d) Who is alleged to have violated or attempted to violate any state or local law or municipal ordinance, regardless of where the violation occurred . . ." (emphasis added).

The definition of "child" in § 20–7–390, however, excludes those persons sixteen years of age who are charged with Class A, B, C, or D felonies or felonies punishable by a maximum term of imprisonment of 15 years or more. Accordingly, these sixteen year olds (who ordinarily are considered juveniles or children under the above statutes) can be charged in circuit court without first bringing the charges in family court and obtaining transfers. This is strictly limited to sixteen year olds who are charged with committing the specified offenses. Charges against juveniles under 16 and charges against sixteen year olds which are not one of the specified felonies must begin in family court and may be transferred under some circumstances. *See, e.g., State v. Corey*, 339 S.C. 107, 529 S.E.2d 20 (2000) (murder charge involving 12–year old defendant can be transferred from family court to circuit court). Accordingly, the circuit court had jurisdiction to accept appel-

lant's plea as appellant was 16 when the offenses were committed and murder and armed robbery are within the above specified felonies.

**AFFIRMED.**

TOAL, C.J., WALLER, BURNETT, and PLEICONES, JJ., concur.