558 S.E.2d 524

**The STATE, Respondent,**

v.

**Tommy WALLS, Appellant.**

**No. 25396.**

Supreme Court of South Carolina.

Heard Oct. 24, 2001.

Decided Jan. 14, 2002.

Assistant Appellate Defender Robert M. Dudek, of the South Carolina Office of Appellate Defense, of Columbia, for appellant.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Robert E. Bogan, and Assistant Attorney General Melody J. Brown, of Columbia, and Solicitor Thomas E. Pope, of York, for respondent.

Justice MOORE.

Appellant appeals his conviction under the South Carolina Sex Offender Registry Act (the Act), S.C.Code Ann. § 23-3-400 to -530 (Supp.2000), claiming an *ex post facto* violation. We affirm.

## FACTS

Appellant was convicted in 1973 on the charge of assault with intent to ravish, and sentenced to three years imprisonment. In 1998, he was serving time on an unrelated conviction. Prior to his release, the Department of Corrections notified appellant, in verbal and written form, that he was required to register as a sex offender under the Act as a

result of his 1973 conviction.[1] Appellant was given two forms: (1) a pre-registry form, signed and dated by appellant, advising him of the registration requirement; and (2) a pre-registry form requesting addresses where he planned to be. Appellant did not register as required.[2] Following a bench trial, appellant was convicted for failing to register, and was sentenced to ninety days in prison.[3]

## ISSUE

Does the Act violate the *ex post facto* clause?

## DISCUSSION

■ When the issue is the constitutionality of a statute, every presumption will be made in favor of its validity and no statute will be declared unconstitutional unless its invalidity appears so clearly as to leave no doubt that it conflicts with the constitution. *State v. Jones*, 344 S.C. 48, 543 S.E.2d 541 (2001).

---

1. S.C.Code Ann. § 23–3–440(1) (Supp.2000) provides that prior to an offender being released from the Department of Corrections, the Department must "notify the sheriff of the county where the offender intends to reside and SLED that the offender is being released ..." Further, the Department must "provide verbal and written notification to the offender that he must register with the sheriff of the county in which he intends to reside within twenty-four hours of his release." The Department also must "obtain descriptive information of the offender, including a current photograph prior to release."

2. S.C.Code Ann. § 23–3–450 provides:

   The offender shall register with the sheriff of the county in which he resides. To register, the offender must provide information as prescribed by SLED.... A copy of this information must be kept by the sheriff's department.... An offender shall not be considered to have registered until all information prescribed by SLED has been provided to the sheriff.

   The offender is required to register annually for life, and must re-register when moving within the same county, to another county, or to another state. S.C.Code Ann. § 23–3–460 (Supp.2000).

3. S.C.Code Ann. § 23–3–470 (Supp.2000) provides that if a person is convicted for a first offense of failing to register, that person will be guilty of a misdemeanor and will be imprisoned for a mandatory period of ninety days, no part of which will be suspended nor probation granted.

▆▆▆ The United States and South Carolina Constitutions specifically prohibit the passage of *ex post facto* laws. *State v. Wilson*, 315 S.C. 289, 433 S.E.2d 864 (1993) (citing U.S. Const. art. 1, § 10; S.C. Const. art. 1, § 4). For a law to fall within *ex post facto* prohibitions, two critical elements must be present. First, the law must be retroactive so as to apply to events occurring before its enactment. Second, the law must disadvantage the offender affected by it. *State v. Wilson*, *supra*. *See also Jernigan v. State*, 340 S.C. 256, 531 S.E.2d 507 (2000) (*ex post facto* violation occurs when a change in the law retroactively alters definition of crime or increases punishment for crime). For the *ex post facto* clause to be applicable, the statute or the provision in question must be criminal or penal in purpose and nature. *State v. Huiett*, 302 S.C. 169, 394 S.E.2d 486 (1990) (citing *Flemming v. Nestor*, 363 U.S. 603, 80 S.Ct. 1367, 4 L.Ed.2d 1435 (1960)).

▆▆▆ The Act meets the first prong of determining whether it falls within *ex post facto* prohibitions. The Act is retroactive because it applies to events occurring before its enactment. In particular, it applies to appellant whose offense was committed in 1973,[4] prior to the enactment of the Act.[5]

▆▆▆ Next, whether the Act disadvantages the offender affected by it, or in other words, is criminal or penal in purpose and nature, must be determined. As the United States Supreme Court stated, the determination whether a statute is civil or criminal is primarily a question of statutory construction, which must begin by reference to the act's text and legislative history. *In re Matthews*, 345 S.C. 638, 550 S.E.2d 311 (2001) (citing *Seling v. Young*, 531 U.S. 250, 121

---

4. The law existing at the time of the offense determines whether an increase of punishment constitutes an *ex post facto* violation. *Miller v. Florida*, 482 U.S. 423, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987); *Elmore v. State*, 305 S.C. 456, 409 S.E.2d 397 (1991).

5. Pursuant to S.C.Code Ann. § 23–3–480(B) (Supp.2000), a person convicted of an offense provided in S.C.Code Ann. § 23–3–430 (Supp. 2000) prior to July 1, 1994, and who was released from custody prior to that date will not suffer the penalties enumerated in section 23–3–470 for failing to register. However, if that person has been served notice of the duty to register, then section 23–3–470 does apply. Accordingly, because appellant was given notice of the duty to register, he was required to register.

S.Ct. 727, 148 L.Ed.2d 734 (2001)). Where the General Assembly has manifested its intent that the legislation is civil in nature, the party challenging that classification must provide "the clearest proof that the statutory scheme is so punitive either in purpose or effect as to negate the [General Assembly's] intention." *Id.*

S.C.Code Ann. § 23-3-400 (Supp.2000), provides:

The intent of this article is to promote the state's fundamental right to provide for the public health, welfare, and safety of its citizens. Notwithstanding this legitimate state purpose, these provisions are not intended to violate the guaranteed constitutional rights of those who have violated our nation's laws.

The sex offender registry will provide law enforcement with the tools needed in investigating criminal offenses. Statistics show that sex offenders often pose a high risk of re-offending. Additionally, law enforcement's efforts to protect communities, conduct investigations, and apprehend offenders who commit sex offenses are impaired by the lack of information about these convicted offenders who live within the law enforcement agency's jurisdiction.

From this language, it is clear the General Assembly ·did not intend to punish sex offenders, but instead intended to protect the public from those sex offenders who may re-offend and to aid law enforcement in solving sex crimes. Hence, the language indicates the General Assembly's intention to create a non-punitive act.

We find the Act is not so punitive in purpose or effect as to constitute a criminal penalty. Accordingly, the Act does not violate the *ex post facto* clauses of the state or federal constitutions.[6]

**AFFIRMED.**

TOAL, C.J., WALLER, BURNETT and PLEICONES, JJ., concur.

---

6. Most jurisdictions addressing this issue have found their particular registry acts do not violate the *ex post facto* clause. *See, e.g., Doe v. Pataki,* 120 F.3d 1263 (2d Cir.1997), *cert. denied,* 522 U.S. 1122, 118 S.Ct. 1066, 140 L.Ed.2d 126 (1998); *Cutshall v. Sundquist,* 193 F.3d 466 (6th Cir.1999), *cert. denied* 529 U.S. 1053, 120 S.Ct. 1554, 146

L.Ed.2d 460 (2000); *Russell v. Gregoire,* 124 F.3d 1079 (9th Cir.1997), *cert. denied sub nom. Stearns v. Gregoire,* 523 U.S. 1007, 118 S.Ct. 1191, 140 L.Ed.2d 321 (1998); *Lanni v. Engler,* 994 F.Supp. 849 (E.D.Mich.1998); *Patterson v. State,* 985 P.2d 1007 (Alaska App.1999); *State v. Noble,* 171 Ariz. 171, 829 P.2d 1217 (1992); *Kellar v. Fayetteville Police Dep't,* 339 Ark. 274, 5 S.W.3d 402 (1999); *Jamison v. People,* 988 P.2d 177 (Colo.App.1999); *State v. Kelly,* 256 Conn. 23, 770 A.2d 908 (2001); *People v. Malchow,* 193 Ill.2d 413, 250 Ill.Dec. 670, 739 N.E.2d 433 (2000); *State ex rel. Olivieri v. State,* 779 So.2d 735(La.), *cert. denied,* —— U.S. ——, 121 S.Ct. 2566, 150 L.Ed.2d 730, (2001); *State v. Manning,* 532 N.W.2d 244 (Minn.App.1995); *State v. Costello,* 138 N.H. 587, 643 A.2d 531 (1994); *People v. Langdon,* 258 A.D.2d 937, 685 N.Y.S.2d 877 (N.Y.A.D.1999); *State v. Burr,* 598 N.W.2d 147 (N.D.1999); *Commonwealth v. Gaffney,* 557 Pa. 327, 733 A.2d 616 (1999); *Meinders v. Weber,* 604 N.W.2d 248 (S.D.2000); *Kitze v. Commonwealth,* 23 Va.App. 213, 475 S.E.2d 830 (1996), *cert. denied,* 522 U.S. 817, 118 S.Ct. 66, 139 L.Ed.2d 28 (1997); *State v. Ward,* 123 Wash.2d 488, 869 P.2d 1062 (1994); *Snyder v. State,* 912 P.2d 1127 (Wyo.1996).