585 S.E.2d 311

**In the interest of RONNIE A., a minor under the age of seventeen, Appellant.**

**No. 25696.**

Supreme Court of South Carolina.

Heard June 24, 2003.
Decided Aug. 11, 2003.

Senior Assistant Appellate Defender Wanda H. Haile, of S.C. Office of Appellate Defense, of Columbia, for appellant.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Charles H. Richardson, Senior Assistant Attorney General Harold M. Coombs, Jr., and Solicitor Warren B. Giese, all of Columbia, for respondent.

Justice MOORE:

At age eleven, appellant was adjudicated delinquent for committing first degree criminal sexual conduct with a minor (CSCM). He was nine years old at the time of the offense. Appellant contends the family court's order requiring him to register as a sex offender violates due process. We affirm.

## DISCUSSION

Under S.C.Code Ann. § 23–3–430(C)(4) (Supp.2002), appellant is required to register as a sex offender because of his adjudication for first degree CSCM. This section applies to "any person regardless of age ... who has been adjudicated delinquent" for certain sex offenses. § 23–3–430(A). Because appellant was under the age of twelve at the time of his adjudication, however, information collected for the registry may not be made available to the public. S.C.Code Ann. § 23–3–490(D)(3) (Supp.2002).[1] Appellant contends the life-long "stigma" of registration violates due process because he was a juvenile at the time of his offense.

The substantive due process guarantee requires a rational basis for legislation depriving a person of life, liberty, or property. *In re: Care and Treatment of Luckabaugh*, 351 S.C. 122, 568 S.E.2d 338 (2002). The burden of showing that a statute is unreasonable falls on the party attacking it on due process grounds. *Id.; State v. Hornsby*, 326 S.C. 121, 484 S.E.2d 869 (1997).

We recently held sex offender registration, regardless of the length of time, is non-punitive and therefore no liberty interest is implicated. *Hendrix v. Taylor*, 353 S.C. 542, 579 S.E.2d 320 (2003). The intent of the legislature in enacting the sex offender registry law is to protect the public from those offenders who may re-offend. *State v. Walls*, 348 S.C. 26, 558 S.E.2d 524 (2002). The registration of offenders, including juveniles who have proved themselves capable of certain sex offenses, is rationally related to achieving this legitimate objective. *Accord In re: Joseph G.*, 240 Wis.2d 481, 623 N.W.2d 137 (2000). Appellant has offered no valid basis

---

1. Registry information remains available to law enforcement under subsection (E).

upon which to distinguish juvenile sex offenders for purposes of due process.

■ Further, since the registry information will not be made available to the public because of appellant's age at the time of his adjudication, there is no undue harm to his reputation even if we were to recognize a liberty interest in a juvenile's reputation. *Cf. In re: M.A.H.*, 20 S.W.3d 860 (Tex.App.2000) (noting no authority for finding juvenile's reputation is a protected liberty interest).

Accordingly, we hold the requirement that appellant register as a sex offender under § 23–3–430 does not violate due process.

**AFFIRMED.**

TOAL, C.J., WALLER, BURNETT and PLEICONES, JJ., concur.