684 S.E.2d 549

**In the Matter of SHAQUILLE O'NEAL B., a Minor under the Age of Seventeen,[1] Appellant.**

**No. 26734.**

Supreme Court of South Carolina.

Heard Nov. 6, 2008.

Decided Oct. 12, 2009.

---

1. The record contains several versions of Appellant's name, but his counsel has verified the correct spelling above.

Hemphill P. Pride, II, of Columbia, for Appellant.

Attorney General Henry D. McMaster, Chief Deputy Attorney General John W. McIntosh, and Assistant Attorney General David Spencer, all of Columbia, for Respondent.

Justice BEATTY.

Shaquille O'Neal B. (Appellant), a minor under the age of seventeen at the time of this proceeding in the family court, sought to remove his name from the South Carolina Sex Offender Registry. The family court found Appellant should be placed on the registry, and Appellant appeals. We reverse.

## I. FACTS

On August 16, 2006, a Juvenile Petition was filed in Mecklenburg County, North Carolina, alleging Appellant (DOB 4/5/91) had committed the offense of Indecent Liberties Between Children in violation of N.C. Gen.Stat. § 14–202.2.

Appellant admitted the charge and was adjudicated delinquent by order of a North Carolina court. Appellant was placed on probation and the case was transferred to Newberry County, where Appellant resided with his mother.

On February 23, 2007, Appellant was notified by the South Carolina Department of Juvenile Justice (DJJ) that, pursuant to S.C.Code Ann. § 23–3–430, he was required to register his name on the South Carolina Sex Offender Registry.

Appellant thereafter filed a motion in the family court in South Carolina on June 1, 2007, seeking to have his name removed from the registry. Appellant asserted the South Carolina Department of Probation, Parole, and Pardon Services (the Department) ordered him to register as a sex offender on the basis the offense for which he was adjudicated delinquent in North Carolina was similar to the South Carolina offense of Committing a Lewd Act Upon a Child Under Sixteen, a violation of S.C.Code Ann. § 16–15–140. Appellant asserted this was error because, among other things, the South Carolina offense did not have the same elements as his adjudicated offense under N.C. Gen.Stat. § 14–202.2 and he was not required to register as a sex offender in North Carolina for his offense.

The family court denied Appellant's request as well as his subsequent motion to reconsider, finding he was properly required to register for the South Carolina Sex Offender Registry.

## II. LAW/ANALYSIS

The initial question before us is whether or not the family court had jurisdiction to hear the matter.

In its Respondent's Brief, the State asserts that the family court did not have subject matter jurisdiction to consider Appellant's request to remove his name from the Sex Offender Registry. This issue was not raised below and was not ruled on by the family court, but subject matter jurisdiction may be raised for the first time on appeal. *See, e.g., Amisub of S.C., Inc. v. Passmore,* 316 S.C. 112, 114, 447 S.E.2d 207, 208 (1994) ("Lack of subject matter jurisdiction may not be waived and should be taken notice of by this Court.").

The State asserts the family court did not have subject matter jurisdiction to determine this matter because it is a court of limited jurisdiction and Appellant should have filed an action for a declaratory judgment in the court of common pleas to challenge the requirement that he must be placed on the registry, citing the recent case of *Hazel v. State,* 377 S.C. 60, 659 S.E.2d 137 (2008). We disagree.

In *Hazel,* the defendant filed a declaratory judgment action in the court of common pleas questioning whether he was

required to be listed on the registry. *Id.* at 62, 659 S.E.2d at 138. The State argued the court of common pleas did not have jurisdiction to make this determination and that such a finding could only be made by the court of general sessions. *Id.* at 65, 659 S.E.2d at 140. We held the court of common pleas had jurisdiction to rule on this civil matter: [2]

> The Court of Common Pleas had the power to make this finding pursuant to the Declaratory Judgment Act. *See* S.C.Code Ann § 15–53–20 (2005) (courts of record within their respective jurisdictions shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed). *The judge, in the Court of Common Pleas, properly determined respondent's status as affected by § 23–3–430, a civil statute. See State v. Walls, supra* [348 S.C. 26, 558 S.E.2d 524 (2002) ] (Sex Offender Registry Act not so punitive in purpose or effect as to constitute a criminal penalty). As a result, we approve the procedure utilized by the Court of Common Pleas and find that court has the power to make the determination that a prior kidnapping offense did not involve sexual misconduct such that the one convicted is required to register as a sex offender.

*Id.* (Emphasis added.)

*Hazel,* however, did not address the proper procedure for challenges to registration by a minor.

■ "The family court is a statutory court created by the legislature and, therefore, is of limited jurisdiction." *State v. Graham,* 340 S.C. 352, 355, 532 S.E.2d 262, 263 (2000). "Its jurisdiction is limited to that expressly or by necessary implication conferred by statute." *Id.*

Section 20–7–400 of the South Carolina Code, in effect at the time of these proceedings, provides for the subject matter jurisdiction of the family court. *Riggs v. Riggs,* 353 S.C. 230, 236 n. 3, 578 S.E.2d 3, 6 n. 3 (2003) (noting "§ 20–7–420 determines the family court's subject matter jurisdiction"). In 2008, section 20–7–400 was repealed and recodified as

---

2. In *Hendrix v. Taylor,* 353 S.C. 542, 579 S.E.2d 320 (2003), the adult defendant was also allowed to dispute his classification by means of a declaratory judgment action, but we did not address the proper procedure for juveniles.

S.C.Code Ann. § 63–3–510 by 2008 S.C. Act No. 361, but the new provision is virtually identical. Section 20–7–400 provides in relevant part as follows:

(A) Except as otherwise provided herein, the court shall have exclusive original jurisdiction and shall be the sole court for initiating action:

(1) Concerning any child living or found within the geographical limits of its jurisdiction:

. . . .

(b) Whose occupation, behavior, condition, environment or associations are such as to injure or endanger his welfare or that of others;

. . . .

(d) Who is alleged to have violated or attempted to violate any state or local law or municipal ordinance, regardless of where the violation occurred except as provided in Section 20–7–410 [now Section 63–3–520];

. . . .

(3) Concerning any child seventeen years of age or over, living or found within the geographical limits of the court's jurisdiction, *alleged to have violated or attempted to violate* any State or local law or municipal ordinance prior to having become seventeen years of age and such person shall be dealt with under the provisions of this title relating to children.

. . . .

(B) Whenever the court has acquired the jurisdiction of any child under seventeen years of age, jurisdiction continues so long as, in the judgment of the court, it may be necessary to retain jurisdiction for the correction or education of the child, but jurisdiction shall terminate when the child attains the age of twenty-one years. Any child who has been adjudicated delinquent and placed on probation by the court remains under the authority of the court only until the expiration of the specified term of his probation. This specified term of probation may expire before but not after the eighteenth birthday of the child.

S.C.Code Ann. § 20–7–400 (1985 & Supp.2007) (emphasis added).

Appellant contends jurisdiction was proper in the family court based on subsection (A)(1)(d)—that jurisdiction applies to a child "who is alleged to have violated or attempted to violate any state or local law or municipal ordinance, regardless of where the violation occurred. . . ." S.C.Code Ann. § 20–7–400(A)(1)(d).

The family court has exclusive jurisdiction over children charged with crimes. *See State v. Pittman*, 373 S.C. 527, 558, 647 S.E.2d 144, 160 (2007) ("The family court has exclusive jurisdiction over children who are accused of criminal activity." (citing S.C.Code Ann. § 20–7–400(A)(1)(d) (footnote omitted))).

The State, in contrast, argues Appellant was not accused of violating any term of his probation or any statute or law at the time he filed this action to have his name removed from the registry, so (A)(1)(d) does not confer jurisdiction in this case. The State mistakenly assumes that only it can bring an action in family court concerning a delinquent child. S.C.Code Ann. Section 20–7–435 (1985) [3] allowed a parent to bring an action in family court involving a delinquent child. Appellant had been adjudicated delinquent by the North Carolina Court. Moreover, S.C.Code Ann. Section 23–3–440(3) (2007) requires that Appellant register with the sheriff of the county where he lives. This registration is in addition to the registry maintained by SLED.

Section 23–3–440(3) also requires the parents or legal guardian of a person under the age of seventeen, such as Appellant, to ensure that he registers. Clearly, subject matter jurisdiction of the family court is necessarily implied if not expressed. *Graham*, 340 S.C. at 355, 532 S.E.2d at 263. Furthermore, Appellant was still on probation at the time he filed his action, so the family court had jurisdiction by virtue of the authority to oversee Appellant's probation. See S.C.Code Ann. § 20–7–400(B) ("Any child who has been adjudicated delinquent and placed on probation by the court remains under the authority of the court only until the expiration of the specified term of his probation.").

---

3. This section has been recodified at S.C.Code Ann. § 63–3–550.

Thus, the question whether Appellant's adjudication for delinquency made him eligible for inclusion in the South Carolina Sex Offender Registry was properly before the family court.

Turning to the merits, Appellant asserts the family court erred in denying his motion to remove his name from the South Carolina Sex Offender Registry. Specifically, Appellant argues a juvenile offender may not be placed on the registry as a result of an offense that is not "registry eligible" in the state where the offense occurred and, further, the North Carolina offense of Indecent Liberties Between Children is not the equivalent of the South Carolina offense of Lewd Act Upon a Child Under the Age of Sixteen. Appellant additionally argues that a probation agent or a South Carolina Law Enforcement Division (SLED) agent should not be able to unilaterally decide whether an offense warrants registry and that it violates due process.

The South Carolina Sex Offender Registry Act [4] was passed by our legislature not to punish sex offenders, but "to protect the public from those sex offenders who may re-offend and to aid law enforcement in solving sex crimes." *State v. Walls,* 348 S.C. 26, 31, 558 S.E.2d 524, 526 (2002). As such, it is civil in nature and does not constitute a criminal penalty. *Id.*

In general, persons of any age who are convicted or adjudicated delinquent in South Carolina of an offense enumerated in the Act or who are convicted or adjudicated delinquent for a similar offense in a comparable court in the United States are required to register:

> Any person, *regardless of age,* residing in the State of South Carolina who *in this State* has been convicted of, adjudicated delinquent for, pled guilty or nolo contendere to an *offense described below,* **or** who has been convicted, adjudicated delinquent, pled guilty or nolo contendere ... *in any comparable court in the United States,* or a foreign country, or who has been convicted, adjudicated delinquent, pled guilty or nolo contendere ... in the United States federal courts *of a similar offense,* **or** who has been convicted of, adjudicated delinquent for, pled guilty or nolo contendere ... *to an offense for which the person was required to*

---

4.  S.C.Code Ann. §§ 23–3–400 to –550 (2007 & Supp.2008).

*register in the state where the conviction or plea occurred,* shall be required to register pursuant to the provisions of this article.

S.C.Code Ann. § 23–3–430(A) (2007) (emphasis added).[5] The registry is administered under the direction of the Chief of SLED. *Id.* § 23–3–410(A).

Appellant argues section 23–3–430 requires registration for persons adjudicated delinquent in South Carolina for one of the offenses enumerated in the statute or for persons adjudicated delinquent outside the state for offenses for which the adjudicating state also requires registration. Appellant contends he was not required to register as a sex offender in North Carolina; therefore, he should not be required to register for the South Carolina Sex Offender Registry.

It is clear from the plain language of the statute that the Act requires placement on the South Carolina Sex Offender Registry when a person is convicted of an offense in another state that is similar to a South Carolina offense that requires registration: "Any person ... who in this State has been convicted of, adjudicated delinquent for, pled guilty or nolo contendere to an offense described below, *or* who has been convicted, adjudicated delinquent, pled guilty or nolo contendere ... in any comparable court in the United States ... *of a similar offense* ... shall be required to register pursuant to the provisions of this article." S.C.Code Ann. § 23–3–430(A) (emphasis added).

There is no additional *requirement* that the offense be one that is registry-eligible in the state where the offense occurred. Rather, this is an *alternative* basis for registration—that the person was "convicted of ... an offense for which the person was required to register in the state where the conviction or plea occurred...." *Id.* Thus, there are several bases on which to predicate registration in South Carolina: (1) the defendant was convicted in South Carolina of an offense delineated in South Carolina's registry statute, (2) the defendant was convicted of an offense in another jurisdiction for which registration is required in the jurisdiction where the offense occurred, or (3) the defendant was convicted in anoth-

---

5. Portions of section 23–3–430 were recently amended by 2008 S.C. Act No. 335, but the amendment does not affect this matter.

er jurisdiction of an offense that is similar to a South Carolina offense requiring registration.

■ Appellant next contends he should not be required to register because his North Carolina offense is not similar to the South Carolina offense of Lewd Act Upon a Child Under Sixteen.

Appellant was adjudicated delinquent in North Carolina for the offense of Indecent Liberties Between Children, which is prohibited by N.C. Gen.Stat. § 14–202.2(a):

> (a) A person who is under the age of 16 years is guilty of taking indecent liberties with children if the person either:
>
> > (1) Willfully takes or attempts to take any immoral, improper, or indecent liberties with any child of either sex who is at least three years younger than the defendant for the purpose of arousing or gratifying sexual desire; or
> >
> > (2) Willfully commits or attempts to commit any lewd or lascivious act upon or with the body or any part or member of the body of any child of either sex who is at least three years younger than the defendant for the purpose of arousing or gratifying sexual desire.

SLED determined Appellant must be placed on the South Carolina registry because Appellant's North Carolina offense was similar to a South Carolina offense for which registration is required—Lewd Act Upon a Child Under Sixteen. See S.C.Code Ann. § 23–3–430(C)(11) (requiring registration for the offense of Lewd Act Upon a Child Under Sixteen).

South Carolina's offense of Lewd Act Upon a Child Under Sixteen is defined as follows:

> It is unlawful for a person over the age of fourteen years to wilfully and lewdly commit or attempt a lewd or lascivious act upon or with the body, or its parts, of a child under the age of sixteen years, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of the person or of the child.

S.C.Code Ann. § 16–15–140 (2003).

In *Pennsylvania v. Miller*, 787 A.2d 1036 (Pa.Super.Ct.2001), the Pennsylvania Superior Court considered whether an offense was an "equivalent offense" for purposes of its sex offender registry. The court stated "[a]n equivalent

offense is that which is substantially identical in nature and definition as the out-of-state or federal offense when compared to the Pennsylvania offense." *Id.* at 1039 (alteration in original) (citation omitted).

In *Miller*, the defendant pled guilty to the offense of sexual exploitation of minors in federal court in Hawaii, and then moved to Pennsylvania, where he was ordered to register as a sex offender. *Id.* at 1037. The Pennsylvania court held the offense from Hawaii was an "equivalent offense" of the Pennsylvania crime of sexual abuse of children through the use of computer depictions, which required registration. *Id.* at 1039. The Pennsylvania court concluded that, since "the elements of, the conduct prohibited by, and the public policy behind" the two statutes are the same, they are "equivalent offenses"; thus, the defendant was required to be placed on the Pennsylvania registry. *Id.*

In *Massachusetts v. Becker*, 71 Mass.App.Ct. 81, 879 N.E.2d 691 (2008), *cert. denied*, —— U.S. ——, 129 S.Ct. 320, 172 L.Ed.2d 231 (2008), the Appeals Court of Massachusetts recently stated that "when determining whether an offense is a like offense? or like violation,' we consider whether the elements of each underlying criminal act' are sufficiently similar under all of the circumstances." *Id.* at 699 (citation omitted).

In the current appeal, the State asserts: "Public safety is the goal of the registry and requiring an individual to register for committing indecent liberties on a minor child furthers that purpose because the act is the type of conduct that indicates a threat to the public."

While we share the State's concern for public safety, the determination of whether one is placed on the Registry is not determined by the goal of the Registry nor is it limited to a consideration of conduct alone. Rather, a consideration of the elements of the offense and the public policy behind the enactment of the statutes are also valid factors that should be examined. After reviewing all the variables in this case, we find that registration would not be appropriate because the elements of the two offenses and the public policy behind the enactment of these two offenses are not the same. In making its ruling, the family court likewise expressed reservations

about requiring registration, stating it would have a "draconian" effect in this case.

The North Carolina offense of Indecent Liberties Between Children is targeted solely at acts committed between children and can be committed only by a child under the age of sixteen. N.C. Gen.Stat. § 14–202.2(a). Additionally, it must involve a child who is at least three years younger than the defendant. *Id.* It is punishable as a Class 1 Misdemeanor. *Id.* § 14–202.2(b). The maximum sentence in North Carolina for this offense for a Level I offender (i.e., one having no prior record) such as Appellant is from 1 to 45 days. *Id.* § 15A–1340.23.

Appellant's misconduct was classified by the North Carolina court as "minor" in the dispositional order. Further, the court found Appellant?s delinquency history, based on a scale of "low," "medium," or "high," was "low." The North Carolina court required Appellant to be placed on probation for a period of nine months. Appellant's offense is not one that requires registration in North Carolina. Additionally, the purpose of the North Carolina statute differs significantly from South Carolina's. The North Carolina statute offers protection for both the child victim and the child perpetrator. It criminalizes the inappropriate sexual conduct, but protects the child perpetrator from the detrimental effects of the lifelong stigma of being placed on a sex offender registry as a result of an isolated childhood indiscretion.

In contrast, the South Carolina offense of Lewd Act Upon a Child Under Sixteen is not so limited in its scope. It also applies to adults and has a correspondingly greater sentence— it is a felony punishable by up to fifteen years in prison. S.C.Code Ann. § 16–15–140. Here, Appellant's adjudication for an offense limited to minors, which was classified by the North Carolina court as "minor," for which he received probation, and for which the maximum sentence is from 1 to 45 days, and which does not require registration in North Carolina, is not appropriately similar to the South Carolina offense, which applies to adults and carries a penalty of fifteen years in prison.

As Appellant notes, "Because North Carolina specifically did not and does not deem Appellant's offense to be registry eligible', the State of South Carolina has not used a reasonable

method of achieving the statute's good goal of protecting the public welfare and aiding law enforcement." Appellant further notes that "the North Carolina Court specifically categorized the seriousness of Appellant's offense as minor' (as opposed to the other available terms serious' and violent?)[.]" Again, we recognize that whether the defendant was required to register in the jurisdiction where the offense occurred is not in itself determinative of the issue, but we believe it is a compelling factor in this particular case in light of the significant differences in the scope of the statutes and their penalties.

Thus, based on the record before us, we hold Appellant should not be required to be on the South Carolina Sex Offender Registry as his adjudicated offense in North Carolina is not sufficiently similar to the South Carolina offense of Lewd Act Upon a Child Under Sixteen.[6]

## III. CONCLUSION

We conclude the family court erred in denying Appellant's motion to remove his name from the South Carolina Sex Offender Registry. The family court's order is, therefore, **REVERSED.**

WALLER, J., concurs.

PLEICONES, J., concurring in result.

TOAL, C.J., concurring in part, dissenting in part in a separate opinion in which KITTREDGE, J., concurs.

---

6. Based on our holding, we need not reach Appellant's assertion that he was denied due process by being required to register for the Sex Offender Registry without first having a hearing on his eligibility. We question whether the issue was preserved, but Appellant has shown no error, in any event, as we have previously held that a person's due process rights are not violated by inclusion on the South Carolina Sex Offender Registry. See *Hendrix v. Taylor*, 353 S.C. 542, 552, 579 S.E.2d 320, 325 (2003) (rejecting the argument the State violated the appellant's due process rights because it deprived him of a liberty interest without a hearing and holding registration as a sex offender is non-punitive and as such "it cannot constitute a deprivation of a constitutionally protected liberty interest"); *see also In re Ronnie A.*, 355 S.C. 407, 409, 585 S.E.2d 311, 312 (2003) (finding a juvenile's due process claim was without merit and that no liberty interest is implicated in cases involving juveniles, just as in cases involving adults).

Chief Justice TOAL.

While I concur with the majority regarding the subject matter jurisdiction of the family court, I respectfully dissent on the question of whether Appellant's name should be removed from the Sex Offender Registry. I believe Appellant's name should not be removed, and therefore I would affirm the family court's ruling that Appellant must register as a sex offender.

In deciding that the North Carolina statute at issue is dissimilar from S.C.Code Ann. § 16–15–140 (2003 & Supp. 2008), the majority focuses on the difference in the ages of the perpetrator and victim under the statutes. The North Carolina statute Appellant was charged under applies when the perpetrator is younger than sixteen years and the victim is at least three years younger than the perpetrator. The South Carolina statute at issue may be applied to any perpetrator over the age of fourteen years who engages in lewd acts with a person younger than sixteen years. The majority contends that this difference makes the statutes too dissimilar to require Appellant to register as a sex offender under S.C.Code Ann. § 23–3–430 (2003 & Supp.2008).

In my view, the majority overlooks an important point: that Appellant?s criminal sexual conduct with a four year old child meets the elements of both the North Carolina and South Carolina statutes. If Appellant had committed this crime in South Carolina, he could have been charged under Lewd Act Upon a Minor Under Sixteen, S.C.Code Ann. § 16–15–140 (2003 & Supp.2008), which is a registry-eligible offense under S.C.Code Ann. § 23–3–430(C)(11) (2003). I believe the crime he committed in North Carolina is an offense similar to S.C.Code Ann. § 16–15–140 because it proscribes the very crime he committed. Because Appellant would have been ordered to register as a sex offender if he had committed the same act in South Carolina, I would affirm the family court and hold that he is required under S.C.Code Ann. § 23–3–430 to register as a sex offender in this state.

KITTREDGE, J., concurs.