719 S.E.2d 258

Jose LOZADA, Appellant,

v.

SOUTH CAROLINA LAW ENFORCEMENT
DIVISION, Respondent.

No. 27076.

Supreme Court of South Carolina.

Heard Nov. 1, 2011.
Decided Dec. 12, 2011.
Rehearing Denied Jan. 11, 2012.

Shawn M. Campbell, Kenneth P. Shabel, Campbell & Shabel, of Spartanburg, for Appellant.

Attorney General Alan Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Attorney General David Spencer, Office of the Attorney General, of Columbia, for Respondent.

Justice HEARN.

Jose Lozada appeals the circuit court's order denying his petition for declaratory judgment seeking to be removed from the Sex Offender Registry. Lozada argues that the crime to which he pled guilty in Pennsylvania—unlawful restraint—is not a "similar offense" to the crime of kidnapping in South Carolina. He accordingly contends that he should not be required to register as a sex offender for unlawful restraint

pursuant to Section 23–3–430(A) of the South Carolina Code (2010). We disagree and affirm.

## FACTUAL/PROCEDURAL BACKGROUND

In 1998, Lozada pled guilty in Pennsylvania to charges of indecent assault and unlawful restraint. He was sentenced to seven years' probation. Neither of these offenses required Lozada to register as a sex offender in Pennsylvania. In 2002, he requested a transfer of his probation to South Carolina, after which the Spartanburg County Sheriff's Department and the Department of Probation, Parole, and Pardon Services (DPPPS) informed him that he would have to register on the Sex Offender Registry for his conviction of indecent assault. Lozada complied and has been on the registry since 2002.

In September of 2007, Lozada brought a declaratory judgment action seeking to be removed from the registry, arguing that he erroneously had been required to register because a DPPPS agent had mistakenly interpreted indecent assault to be equivalent to rape. At the hearing, the South Carolina Law Enforcement Division (SLED) conceded that requiring Lozada to register for the crime of indecent assault was improper because there was no similar crime in South Carolina that required registering. However, SLED argued that Lozada's other conviction for unlawful restraint was similar to the crime of kidnapping in South Carolina and Lozada should be required to remain on the registry on that basis. The circuit court agreed, denying Lozada's petition for declaratory judgment and requiring him to remain on the registry for his conviction of unlawful restraint.[1] This appeal followed.

## STANDARD OF REVIEW

■■■■ "A declaratory judgment action is neither legal nor equitable, and therefore, the standard of review is determined by the nature of the underlying issue." *Auto Owners Ins. Co. v. Newman*, 385 S.C. 187, 191, 684 S.E.2d 541, 543 (2009)

1. Despite the court's order, at the time of oral argument the registry still stated Lozada was registered for his indecent assault conviction. Spartanburg County Sheriff's Office, http://www.icrimewatch.net/offenderdetails.php?OfndrID=650409&AgencyID=54288 (last visited November 10, 2011).

(citing *Colleton County Taxpayers Ass'n v. Sch. Dist. of Colleton County*, 371 S.C. 224, 231, 638 S.E.2d 685, 688 (2006)). Whether an individual must be placed on the sex offender registry is a question of law. *See generally Noisette v. Ismail*, 299 S.C. 243, 247, 384 S.E.2d 310, 312 (Ct.App.1989) ("Unless the cause of action and the relief sought in a declaratory judgment action are distinctly equitable, the action will be considered one at law."). When reviewing an action at law, our scope of review is limited to the correction of errors of law. *S.C. Dept. of Transp. v. Horry Cnty.*, 391 S.C. 76, 81, 705 S.E.2d 21, 24 (2011).

## LAW/ANALYSIS

█ Lozada argues that he should not be required to register on the South Carolina Sex Offender Registry because unlawful restraint in Pennsylvania is not a "similar offense" to kidnapping in South Carolina. We disagree.

█ Under section 23–3–430(A), a person residing in South Carolina who pleads guilty in a comparable court in the United States to a crime similar to any offense which requires registration under section 23–3–430(C) must register on the South Carolina Sex Offender Registry. One of the offenses requiring registration is kidnapping. S.C.Code Ann. § 23–3–430(C)(15). In determining whether a crime is an "equivalent offense," we look at the conduct involved, the elements of the offense, and the public policy behind the enactment of the statutes. *In re Shaquille O'Neal B.*, 385 S.C. 243, 253, 684 S.E.2d 549, 555 (2009).

Under Pennsylvania law, a person is guilty of unlawful restraint "if he knowingly: (1) restrains another unlawfully in circumstances exposing him to risk of serious bodily injury, or (2) holds another in a condition of involuntary servitude." 18 Pa.C.S.A. § 2902(a) (2011). Unlawful restraint is a criminal act falling between the offense of kidnapping and false imprisonment[2] as it "cover[s] restraints which do not reach the

---

2. In Pennsylvania, a person is guilty of kidnapping when he "unlawfully removes another a substantial distance under the circumstances from the place where he is found, or if he unlawfully confines another for a substantial period in a place of isolation." 18 Pa.C.S.A. § 2901(a) (2011). A person is guilty of false imprisonment if he "knowingly

magnitude of kidnapping but are somewhat more serious than false imprisonment." *Id.,* official cmt. (2000).

South Carolina does not have different levels of crimes involving deprivation of freedom. Instead, the crime of kidnapping in South Carolina is broad in scope. Under our statute, a person is guilty of kidnapping if he should "unlawfully seize, confine, inveigle, decoy, kidnap, abduct or carry away any other person by any means whatsoever without authority of law." S.C.Code Ann. § 16–3–910 (2010). Furthermore, we have interpreted this statute to encompass restraint regardless of duration or whether the victim was moved. *See State v. Tucker,* 334 S.C. 1, 13–14, 512 S.E.2d 99, 105 (1999) (noting that the offense of kidnapping "commences when one is wrongfully deprived of freedom and continues until the freedom is restored" and further finding that proof of kidnapping existed where defendant had bound victim with duct tape in her home).

Examining the elements of the two crimes, it is clear that if the acts had occurred in South Carolina, Lozada would have been guilty of kidnapping. While unlawful restraint addresses the prohibited conduct with more specific language, this does not change the fact that the same conduct would constitute kidnapping in South Carolina. Furthermore, even though Pennsylvania lists three crimes to punish conduct which in South Carolina would all fall under kidnapping, the policies behind enacting the statutes are the same. Both criminalize conduct intended to deny a victim his liberty in some way. Although the South Carolina kidnapping statute does so with a broader framework, the desire to protect the public from and punish criminals for such acts drove the enactment of both these statutes.

This difference in scope also explains the disparity in punishment between the two crimes. Unlawful restraint is classified as a first degree misdemeanor, 18 Pa.C.S.A. § 2902(b). It is punishable by up to five years imprisonment, 18 Pa.C.S.A. § 106(b)(6). Conversely, kidnapping in South Carolina is classified as a felony and is punishable by up to thirty years imprisonment. S.C.Code Ann. § 16–3–910 (2003). Although

restrains another unlawfully so as to interfere substantially with his liberty." 18 Pa.C.S.A. § 2903(a) (2011).

the maximum punishment for kidnapping is six times the maximum for unlawful restraint, it does not follow that the actual punishments would have been different had Lozada been sentenced in South Carolina. Lozada did not serve any time in prison and was only sentenced to probation. The same could potentially have occurred in a South Carolina court. *See* S.C.Code Ann. § 24-21-410 (2010) ("After conviction or plea for any offense, except a crime punishable by death or life imprisonment, the judge ... may suspend the imposition or the execution of a sentence and place the defendant on probation or may impose a fine and also place the defendant on probation."). Thus, the mere fact that kidnapping allows for a greater punishment than unlawful restraint does not prove that the offenses are not similar because kidnapping includes significantly more culpable behavior.

■ Furthermore, the fact that a conviction for unlawful restraint does not require registration as a sex offender in Pennsylvania does not require us to find that the crimes are dissimilar. In South Carolina, a person guilty of kidnapping is required to register as a sex offender unless the court "makes a finding on the record that the offense did not include a criminal sexual offense or an attempted criminal sexual offense."[3] S.C.Code Ann. § 23-3-430(15). However, whether the defendant was required to register in the state where the

---

3. Lozada argues that because there is no finding that the crime was sexual in nature, he should not be required to register even if we conclude that kidnapping and unlawful restraint are similar offenses. The plain language of section 23-3-420(15) creates a presumption that the offender would have to register unless the court made a separate finding the crime was not sexual in nature. Thus, the onus is on the defendant to demonstrate to the court that the offense did not have sexual undertones. Although there was no cause to make such a finding in his original plea, Lozada could have presented such evidence in his declaratory judgment petition. *See Hazel v. State,* 377 S.C. 60, 65, 659 S.E.2d 137, 140 (2008). Moreover, when he pled guilty to unlawful restraint, Lozada also pled guilty to indecent assault arising out of the same incident. Indecent assault occurs when a person "has indecent contact with the complainant, causes the complainant to have indecent contact with the person or intentionally causes the complainant to come into contact with seminal fluid, urine or feces for the purpose of arousing sexual desire in the person or the complainant." 18 Pa. C.S.A. § 3126(a) (2011). Thus, he cannot properly argue his conduct was not sexual in nature.

offense occurred does not control the analysis of whether the offenses are similar, but is instead "an *alternative* basis for registration." *In re O'Neal,* 385 S.C. at 251, 684 S.E.2d at 554.

Thus, based on the similarity in public policy behind both statutes and the fact that all the conduct proscribed under unlawful restraint is proscribed under the kidnapping statute, we find Lozada was properly required to register as a sex offender in South Carolina.

## CONCLUSION

Accordingly, we affirm the circuit court's order requiring Lozada's continued registration on the Sex Offender Registry for his conviction of unlawful restraint.

**AFFIRMED.**

TOAL, C.J., BEATTY, KITTREDGE, JJ., and Acting Justice JAMES E. MOORE, concur.