**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

In the Interest of David L., a Juvenile under the Age of Seventeen, Appellant.

Appellate Case No. 2011-198473

Appeal from Pickens County
Alvin D. Johnson, Family Court Judge

Memorandum Opinion No. 2013-MO-013
Heard April 16, 2013 – Filed April 24, 2013

**AFFIRMED**

Ernest C. Grose, Jr., of Grose Law Firm, of Greenwood, and Chief Appellate Defender Robert M. Dudek, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General J. Benjamin Aplin, both of Columbia, for Respondent.

**PER CURIAM:** David L. pled guilty to criminal sexual conduct with a minor in the first degree and was adjudicated guilty by the family court. The court sentenced him to a determinate commitment in the Department of Juvenile Justice until his twenty-first birthday and also required that he register as a sex offender as required by Section 23-3-430 of the South Carolina Code (2007). David appeals

the registration requirement arguing it violates his rights to due process and equal protection and constitutes cruel and unusual punishment. We affirm pursuant to Rule 220(b)(1), SCACR, and the following authorities:

1. Due Process and Equal Protection: *Tollett v. Henderson*, 411 U.S. 258, 267 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."); *State v. Rice*, 401 S.C. 330, 330, 737 S.E.2d 485, 485 (2013) ("[A] guilty plea constitutes a waiver of nonjurisdictional defects and claims of violations of constitutional rights.").

2. Cruel and Unusual Punishment: *In re Ronnie A.*, 355 S.C. 407, 409, 585 S.E.2d 311, 312 (2003) (noting the Court has held that sex offender registration, regardless of the length of time, is non-punitive). *State v. Walls*, 348 S.C. 26, 31, 558 S.E.2d 524, 526 (2002) ("[T]he [South Carolina Sex Offender Registry] Act is not so punitive in purpose or effect as to constitute a criminal penalty.").

**AFFIRMED.**

**TOAL, C.J., BEATTY, KITTREDGE, HEARN, JJ., and Acting Justice James E. Moore, concur.**