**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Curtis Julius McKie, Appellant.

Appellate Case No. 2012-212355

Appeal From Lexington County
Clifton Newman, Circuit Court Judge

Unpublished Opinion No. 2014-UP-119
Submitted January 1, 2014 – Filed March 19, 2014

**AFFIRMED**

Appellate Defender Carmen Vaughn Ganjehsani, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General John Benjamin Aplin, both of Columbia, for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976) ("Procedural due process imposes constraints on governmental decisions which deprive individuals

of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment."); *Ingraham v. Wright*, 430 U.S. 651, 672 (1977) ("Due process is required only when a decision of the State implicates an interest within the protection of the Fourteenth Amendment."); *In re Ronnie A.*, 355 S.C. 407, 409, 585 S.E.2d 311, 312 (2003) ("[S]ex offender registration, regardless of the length of time, is non-punitive and therefore no liberty interest is implicated."); S.C. Code Ann. § 23-3-430(C)(14) (Supp. 2013) (stating a person convicted of indecent exposure "is required to register pursuant to the provisions of [the South Carolina Sex Offender Registry Act] if the court makes a specific finding on the record that based on the circumstances of the case the convicted person should register as a sex offender").

**AFFIRMED.**[1]

**SHORT, WILLIAMS, and THOMAS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.