**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

In the Interest of Kemon P., a Juvenile Under the Age of Seventeen, Appellant.

Appellate Case No. 2013-001128

———————

Appeal from Greenwood County
The Honorable Joseph W. McGowan, III, Family Court

———————

Memorandum Opinion No. 2014-MO-042
Heard October 9, 2014 – Filed October 22, 2014

———————

**AFFIRMED**

———————

Appellate Defender Carmen V. Ganjehsani, of Columbia, for Appellant.

Attorney General Alan Wilson and Assistant Attorney General J. Benjamin Aplin, both of Columbia, and Solicitor David M. Stumbo, of Greenwood, for the State.

———————

**PER CURIAM:** In this direct appeal, Appellant argues the mandatory registration requirement of the South Carolina Sex Offender Registry Act (Act),[1] as applied to juveniles adjudicated delinquent, constitutes cruel and unusual punishment in violation of the United States Constitution. We disagree and affirm pursuant to

———

[1] S.C. Code Ann. §§ 23-3-400 to -555 (2007 & Supp. 2013).

Rule 220(b)(1), SCACR, and the following authorities: *In re Ronnie A.*, 355 S.C. 407, 409, 585 S.E.2d 311, 312 (2003) (finding that sex offender registration for juveniles is non-punitive (citation omitted)); *State v. Walls*, 348 S.C. 26, 31, 558 S.E.2d 524, 526 (2002) (finding the Act is not penal but is civil in nature, as it is intended to protect the public from sex offenders who may reoffend and to aid law enforcement in solving sex crimes, and determining that sex offender registration does not constitute a criminal penalty); *see in re Justin B.*, 405 S.C. 391, 395, 747 S.E.2d 774, 776 (2013) (holding that the Act's electronic monitoring requirement for juvenile sex offenders is not penal in nature and not violative of the Eighth Amendment).

**AFFIRMED.**

**TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.**