**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

Edward Dean and Nolan Brown, Appellants,

v.

Mark Keel, in his Official Capacity as Chief of the South Carolina Law Enforcement Division, Respondent.

Appellate Case No. 2014-002721

--------

Appeal from Greenwood County
Donald B. Hocker, Circuit Court Judge

--------

Memorandum Opinion No. 2015-MO-065
Heard October 7, 2015 – Filed November 4, 2015

--------

**AFFIRMED**

--------

E. Charles Grose, Jr., of Greenwood, for Appellants.

Attorney General Alan Wilson, Assistant Attorney General Marcie E. Greene, Assistant Attorney General Courtney E. Lowell, and General Counsel Adam Whitsett, all of Columbia, for Respondent.

--------

**PER CURIAM:** In this direct appeal, Appellants Edward Dean and Nolan Brown appeal the circuit court's denial of relief as to various constitutional challenges to

the South Carolina Sex Offender Registry Act (the Act),[1] under which they are both required to register as sex offenders as a result of being adjudicated delinquent as juveniles for criminal sexual conduct with a minor in the first degree. We affirm pursuant to Rule 220(b)(1), SCACR, and the following authorities: **Constitutional Issues**. *Conn. Dep't of Pub. Safety v. Doe*, 538 U.S. 1, 6–8 (2003) (rejecting the argument that the Due Process Clause of the Fourteenth Amendment required the State of Connecticut to afford sex offenders a pre-registration hearing to determine whether they are "currently dangerous" before requiring them to register, finding Connecticut's statutory scheme required registration based solely on the fact of a previous conviction—not the fact of current dangerousness—and therefore due process does not require the opportunity to prove a fact that is not material to the state's statutory scheme); *Schall v. Martin*, 467 U.S. 253, 264–65 (1984) (stressing that "crime prevention is 'a weighty social objective,'" and noting that "this interest persists undiluted in the juvenile context" as "[t]he harm suffered by the victim of a crime is not dependent upon the age of the perpetrator" (footnote and citation omitted)); *In re Stephen W.*, 409 S.C. 73, 75–79, 761 S.E.2d 231, 232–33 (2014) (explaining the "important distinctions" between the family court juvenile adjudication process and the traditional criminal justice process and holding that neither the federal nor the state constitution entitles juveniles to a jury trial in family court adjudication proceedings); *In re Ronnie A.*, 355 S.C. 407, 409, 585 S.E.2d 311, 312 (2003) (finding "sex offender registration, regardless of the length of time, is non-punitive and therefore no liberty interest is implicated," and concluding the mandatory registration of sex offenders, including juveniles who have proved themselves capable of certain sex offenses, is rationally related to achieving the legitimate state objective of protecting the public from those who may re-offend); *Hendrix v. Taylor*, 353 S.C. 542, 549, 579 S.E.2d 320, 324 (2003) (holding the right to privacy does not extend to information about sexual offenses and finding the Act bears a rational relationship to the "legitimate state purpose of protecting the public and aiding law enforcement"); *State v. Walls*, 348 S.C. 26, 31, 558 S.E.2d 524, 526 (2002) (finding where the offender was convicted of a sexual offense in 1973, the imposition of registry requirements in 1998 did not constitute a violation of the ex post facto clause of either the state or the federal constitution because the registration requirements are "not so punitive in purpose or effect as to constitute a criminal penalty"); *see also In re Justin B.*, 405 S.C. 391, 409 n.3, 747 S.E.2d 774, 783 n.3 (2013) (finding the Act's satellite monitoring provisions were a civil, non-punitive remedy and therefore the Court did not need to reach the issue of whether such monitoring constituted cruel and unusual punishment, "regardless

---

[1] S.C. Code Ann. §§ 23-3-400 to -555 (2007 & Supp. 2014).

of the age of the offender"); *cf. United States v. Under Seal*, 709 F.3d 257, 261–62 (4th Cir. 2013) (finding that although the federal Sex Offender Registration and Notification Act (SORNA) makes public certain offender information that would otherwise remain confidential under the Federal Juvenile Delinquency Act (FJDA), the registration provisions of the SORNA are more specific than those of the FJDA, and those specific provisions evince the legislative determination that the appropriate balance to be struck between the competing interests of juvenile confidentiality and public safety is the one "in favor of protecting victims, rather than protecting the identity of juvenile sex offenders"); *United States v. Juvenile Male*, 670 F.3d 999, 1007–09 (9th Cir. 2012) (noting neither age nor status as a juvenile sex offender constitutes a protected class and concluding the SORNA registration requirements apply to juvenile offenders notwithstanding confidentiality provisions in the FJDA, explaining that although the offenders may, as a policy matter, disagree with the provisions of the SORNA, particularly with regard to confidentiality, legislative intent is clear, and thus, the Court's review "is limited to interpreting the statutes").[2] **Equitable Relief**. S.C. Code Ann. § 23-3-430(F)–(G) (2007 & Supp. 2014)(enumerating specific circumstances under which a person's name may be removed from the registry); *Key Corporate Capital, Inc. v. Beaufort Cnty.*, 373 S.C. 55, 61, 644 S.E.2d 675, 678 (2007) (reversing the grant of equitable relief where an adequate legal remedy was set forth by statute, explaining "a 'court's equitable powers must yield in the face of an unambiguously worded statute'" (citation omitted)).

**AFFIRMED.**

**TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.**

---

[2] We emphasize that the Act's satellite monitoring provisions are not implicated in this case.  Thus, Appellants do not raise, and we do not reach, any issues addressed by the United States Supreme Court in its recent decision in *Grady v. North Carolina*, 135 S.Ct. 1368, 1371 (2015) (noting North Carolina's sex offender satellite monitoring program was "plainly designed to obtain information," and finding "since it does so by physically intruding on a subject's body, it effects a Fourth Amendment search").