**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Mark Anderko, Appellant,

v.

South Carolina Law Enforcement Division, Respondent.

Appellate Case No. 2016-001700

---

Appeal From York County
S. Jackson Kimball, III, Special Circuit Court Judge

---

Unpublished Opinion No. 2018-UP-461
Submitted November 1, 2018 – Filed December 12, 2018

---

**AFFIRMED**

---

Clarence Rauch Wise, of Greenwood; and Christopher A. Wellborn, of Christopher A. Wellborn P.A., of Rock Hill, both for Appellant.

Adam L. Whitsett, of South Carolina Law Enforcement Division, of Columbia, for Respondent.

---

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *Felts v. Richland Cty.*, 303 S.C. 354, 356, 400 S.E.2d 781, 782 (1991) ("A suit for declaratory judgment is neither legal nor equitable, but is determined by the nature of the underlying issue."); *Lozada v. S.C. Law Enf't Div.*, 395 S.C.

509, 512, 719 S.E.2d 258, 259 (2011) ("Whether an individual must be placed on the sex offender registry is a question of law."); *id.* ("When reviewing an action at law, our scope of review is limited to the correction of errors of law."); S.C. Code Ann. § 23-3-430(A) (2007) ("Any person, regardless of age, residing in the [s]tate of South Carolina . . . who has been convicted of . . . an offense for which the person was required to register in the state where the conviction or plea occurred, shall be required to register pursuant to the provisions of this article."); S.C. Code Ann. § 23-3-460(A) (Supp. 2018) ("A person required to register pursuant to this article is required to register biannually for life."); S.C. Code Ann. § 23-3-430(E) to (G) (2007 & Supp. 2018) (allowing removal under any of the following conditions: (1) the offender's underlying conviction was "reversed, overturned, or vacated on appeal and a final judgment has been rendered"; (2) the offender received a pardon based on a finding of not guilty; or (3) if the offender successfully moved for a new trial and obtained a verdict of acquittal); *Williams v. North Carolina*, 317 U.S. 287, 295 (1942) ("[E]very state is entitled to enforce in its own courts its own statutes, lawfully enacted."); *Sun Oil Co. v. Wortman*, 486 U.S. 717, 722 (1988) ("The Full Faith and Credit Clause does not compel 'a state to substitute the statutes of other states for its own statutes dealing with a subject matter concerning which it is competent to legislate.'" (quoting *Pacific Employers Ins. Co. v. Industrial Accident Comm'n*, 306 U.S. 493, 501 (1939))).

**AFFIRMED.**[1]

**KONDUROS, MCDONALD, and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.